### No. 80SA143

### The People of the State of Colorado v. Bailey Allan Belfor

(611 P.2d 979)

Decided June 2, 1980.

Robert B. Kane, for complainant.

Paul G. West, for attorney-respondent.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

■ The respondent, Bailey Allan Belfor, has been disciplined on two previous occasions. On May 25, 1978, he was given a letter of admonition for failing to pay a treating physician's statement out of the proceeds of a settlement made in a personal injury action after he had given the doctor his personal assurance that his statement would be paid. Thereafter, the respondent's further violations of the Code of Professional Responsibility resulted in a one year suspension which commenced on March 5, 1979. *People v. Belfor*, 197 Colo. 223, 591 P.2d 585 (1979). Shortly after the one year suspension ended, the respondent failed to comply with the conditions which were prerequisites to his reinstatement. These conditions required that he demonstrate by clear and convincing evidence: "(1) that he has been rehabilitated; (2) that he has complied with and will continue to comply with applicable disciplinary orders and rules; and (3) that he is competent and fit to practice law." *People v. Belfor, supra.* He nonetheless paid his registration fee so that he could again practice law.

As a result of the respondent's further misconduct, the Supreme Court Grievance Committee now recommends that the respondent be suspended for an additional period of one year. We approve the recommendation and order the respondent suspended for a period of one year from the announcement of this opinion and until such time as he complies with the conditions set forth above which were part and parcel of his initial

suspension.

■ Three complaints were made against the respondent which caused the Supreme Court Grievance Committee, after a full hearing, to recommend further suspension. Two complaints related to the respondent practicing law during the period of his suspension. The Grievance Committee concluded that the respondent had not practiced law when he appeared in a divorce action with the permission of the trial judge and dismissed the complaint. We point out that granting a person permission to practice law is the sole prerogative of the Supreme Court of Colorado. *In re Petition of Colorado Bar Association*, 137 Colo. 357, 325 P.2d 932 (1958).

■ As to the second complaint, the respondent took part in a complex real estate transaction and engaged in the practice of law by representing, counseling, advising, and assisting a former client. *Cf. Denver Bar Association v. Public Utilities Commission*, 154 Colo. 273, 391 P.2d 467 (1964). In practicing law the respondent violated the provisions of DR 3-101(B) of the Code of Professional Responsibility and the provisions of Rules 228 and 241(B), C.R.C.P.

■ In addition, the third complaint requires a severe sanction. In dealing with a former client the respondent collected fees in excess of those set forth in a contingency fee agreement and released a judgment lien of his client's debtor without notice to his client. Thereafter, he withdrew as counsel and refused to account to his client. Only after a complaint was made to the Grievance Committee did the respondent pay his client the funds that he was entitled to and which were not properly accounted for to the client. His conduct is contrary to the provisions of DR 1-102(A)(1), (4) and (6), DR 2-110(A)(2) and (3), DR 7-101(A)(2) and (3), DR 9-102(B) and Rule 241(B), C.R.C.P.

Accordingly, the respondent is suspended for a period of one year after the announcement of this opinion. Costs in the amount of $540.99 are assessed against the respondent and shall be paid within ninety days to the Clerk of the Supreme Court. The respondent shall not be reinstated unless and until he demonstrates by clear and convincing evidence that (1) he has been rehabilitated; (2) he has complied with and will continue to comply with all applicable disciplinary orders and rules; and (3) he is competent and fit to practice law. *People v. Belfor*, 197 Colo. 223, 591 P.2d 585 (1979).