Mark Steven CAMBIANO *v.* ARKANSAS STATE BOARD of LAW EXAMINERS

03-1341                                                     167 S.W.3d 649

Supreme Court of Arkansas
Opinion delivered May 6, 2004

[Rehearing denied May 27, 2004.]

*Jeff Rosenzweig*, for appellant.

*W. Frank Morledge, P.A.*, for appellee.

RAY THORNTON, Justice. Appellant, Mark Cambiano, brings an original action to challenge the decision of the Board of Law Examiners in denying his application to be readmitted to the bar under § 24 of the Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law ("Procedures"). We affirm the decision of the Board because the five-year waiting period applies, and having been disbarred on August 9, 2000, five years has not passed since appellant's disbarment.

Appellant has two previous appeals in this court from his disbarment proceeding. We affirmed the dismissal of his counterclaim that being placed on an interim suspension during the pendency of the disbarment proceedings was unconstitutional in *Cambiano v. Neal*, 342 Ark. 691, 35 S.W.3d 792 (2000) (*"Cambiano I"*). We affirmed his disbarment in *Cambiano v. Ligon*, 345 Ark. 124, 44 S.W.3d 719 (2001) (*"Cambiano II"*).

On June 3, 1992, appellant deposited $62,000.00 in cash in the First National Bank ("Bank") in Morrilton. He did not inform the bank of the source of the funds. As a consequence, the bank filed false statements with the Internal Revenue Service. Because of this transaction and others, appellant was charged with a thirty-one count federal felony indictment. On April 3, 1998, he pleaded guilty to one felony charge relating to causing the bank to file a false currency-transaction report. The other thirty charges against him were dismissed.

The Committee on Professional Conduct ("CPC") issued an interim suspension of appellant on July 28, 1998. Following an appropriate review, the CPC decided that disbarment was an appropriate sanction, and on August 9, 2000, appellant was disbarred. We upheld the disbarment in *Cambiano II, supra*.

Appellant filed an application with the Board of Law Examiners ("Board") for readmission to the bar on August 11, 2003. The Board denied appellant's application on the grounds that five years had not elapsed since the date of disbarment as required by the Procedures § 24(B)(1). Thereafter, appellant filed an appeal to this court and also filed a request for a hearing to determine eligibility with the Board. The Board denied the request for a hearing on December 20, 2003, stating that there were no factual issues involved and that a hearing would not assist in the proper disposition of the matter. A supplemental notice of appeal was filed on December 23, 2003, to include the denial of the request for a hearing. Appellant appeals the action by the Board in denying appellant's application for readmission.

Appellant raises two issues on appeal. First, he argues that the five-year waiting period before application for readmission to the bar should not be applied to lawyers disbarred for conduct that occurred prior to the promulgation of the rule or disbarred before the promulgation of that rule. Appellant also claims the Board erred in not crediting the five-year waiting period with the time he was suspended pending the conclusion of the disbarment proceeding. We affirm the decision of the Board.

### Due process

■■ In his first point on appeal, appellant claims that applying the five-year waiting period to an attorney who is disbarred for conduct that predates the promulgation of the waiting period is a violation of due process protections. A violation of due process requires state action to deprive someone of a right protected by law. *Tsann Kuen Enterprises Company v. Campbell*, 355 Ark. 110, 129 S.W.3d 822 (2003) (quoting *State of Washington v. Thompson*, 339 Ark. 417, 6 S.W.3d 82 (1999)). We have previously explained that the practice of law is a privilege extended by the State and not a right. *Cambiano I, supra.*

■ In this case, appellant is not licensed to practice law. He has what has been described as an "unilateral expectation" or an "abstract need or desire" to be readmitted to the bar. *Board of Regents v. Roth*, 408 U.S. 564 (1972). Here, under *Cambiano I, supra*, appellant has failed to show that a right has been violated. Therefore, we conclude that appellant has not shown a violation of due process of law because his abstract need or desire to apply for readmittance to the bar fails to meet the requirement that the State caused a deprivation of a *right* in a due-process challenge.

Next, appellant argues that the five-year waiting period is an enlargement of a punishment in violation of the *ex post facto* clauses. Appellant claims that the five-year waiting period was promulgated after the events responsible for his disbarment and that he should not be subject to its imposition.[1]

---

[1] Under the 1990 version of the Procedures, there was no provision for a five-year waiting period before a disbarred attorney could apply for readmittance to the bar. We also note that there was no specific provision relating to a petition for readmittance under these Procedures. This version of the Procedures was in effect when appellant's felony conviction and disbarment occurred.

The United States Constitution, Art. 1, § 10, and the Arkansas Constitution, Art. 2, § 8, prohibit the enactment of *ex post facto* laws. Additionally, the United States Supreme Court has held that when a court judicially enlarges a punishment such enlargement is subject to an *ex post facto* challenge to be analyzed under due process. *Bouie v. City of Columbia*, 378 U.S. 347 (1964). *Ex post facto* concerns are only raised when criminal sanctions are called into play. *Taylor v. The Governor*, 1 Ark. 21 (1837). A sanction does not need to be labeled as criminal to be considered criminal. *United States v. Ward*, 448 U.S. 242 (1979). An *ex post facto* enlargement occurs when conduct that was not criminal prior to the enlargement is criminalized, the punishment for a crime is enhanced after the commission, or a criminal defendant is prevented from using a defense at trial after commission of the offense. *Kellar v. Fayetteville Police Department*, 339 Ark. 274, 5 S.W.3d 402 (1999). If a sanction is determined to be punitive, rather than regulatory or administrative, it will be subject to a due process challenge as if it were subject to an *ex post facto* challenge. *Kellar, supra.*

Applying the foregoing case law to the facts now before us, we must first determine whether the intent of the Procedures was criminal or civil and, if the intention was civil, whether the punitive nature of the Procedures defeats the intent. *Kellar, supra (quoting Ward, supra)*. In Arkansas, a disbarment proceeding is *sui generis*, neither criminal nor civil. *Cambiano II, supra.*

Having concluded that disbarment proceedings are *sui generis*, we now consider whether, despite the intent found, the Procedures are punitive in nature. In *Kellar, supra*, we affirmed our use of the factors from *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963), in determining whether a statute is punitive and stated that. Arkansas holds the seventh and final factor to weigh the most

---

We amended the Procedures effective January 15, 1998, in a *per curiam* issued January 8, 1998. *Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law*, 331 Ark. 537, 963 S.W.2d 562 (1998) *(per curiam)*. These amendments included a five-year waiting period preventing former attorneys who have been disbarred from being readmitted to the bar within five years of disbarment. Procedures § 24. Procedures § 1 of the 1998 revision states that the new procedures apply "to the extent that limitations or special requirements pertain, to attorneys presently suspended, disbarred or who have surrendered their law licenses." *Id.*

heavily on the determination. The seven factors that determine whether a sanction is punitive are:

> ■ Whether the sanction involves an affirmative disability or restraint, [2] whether it has historically been regarded as a punishment, [3] whether it comes into play only with a finding of *scienter*, [4] whether its operation will promote the traditional aims of punishment – retribution and deterrence, [5] whether the behavior to which it applies is already a crime, [6] whether an alternative purpose is assigned for it, and [7] whether it appears excessive in relation to its alternative purpose assigned are all relevant to the inquiry, and may often point in different directions.

*Kellar*, supra (quoting *Mendoza-Martinez, supra*).

Here, under the first factor, the waiting period does not impose an affirmative disability or restraint; it is a passive restraint preventing those who have already been disbarred from applying for readmission to the bar for a set number of years. Rather than preventing readmission, the waiting period merely regulates when an application for readmission may be entertained. Under the second factor, appellant has cited to no authority to show a waiting period as a traditional punishment. The waiting period does not meet the third prong of a finding of *scienter*; it is a purely procedural operation.

Appellant failed to cite the *Mendoza-Martinez* factors in his *ex post facto* challenge; however, appellee states that this is merely a procedure that is used in accordance with our jurisdiction to regulate the profession of lawyering under Amendment 28 to the Arkansas Constitution. With respect to the procedural purpose we agree with the appellee's argument that the waiting period may be seen as a procedural requirement in that while we acknowledge the possibility of rehabilitation of a disbarred attorney, the administration of the profession requires a certain amount of time to pass before an application for readmission is considered.

■ Under the seventh, and most important factor, a five-year waiting period is not excessive. The fact that a disbarred attorney may apply for readmission to the bar reflects the willingness of the Board to consider that a disbarred attorney may become rehabilitated. A five-year waiting period is appropriate to give a disbarred attorney adequate distance in time from the malfeasance or misfeasance that brought about the disbarment to become

rehabilitated, and then to express his abstract need or desire to seek readmission to the bar. Thus, we hold that the five-year waiting period is not punitive in nature and not subject to an *ex post facto* challenge.

For these reasons, we hold that the five-year waiting period does not violate due process of law.

### Crediting the five-year waiting period

Appellant's second argument is that the time appellant spent on interim suspension pending a disbarment proceeding should count towards the five-year period, thereby allowing him to apply for readmittance to the bar. The two reasons advanced by appellant are that we have already decided the issue in *Wilson v. Neal*, 341 Ark. 282, 16 S.W.3d 92 (2000), and that it would be fundamentally unfair not to credit the suspension time against the five-year waiting period.

*Wilson, supra,* however, has no precedential value for this case because the plurality in *Wilson* did not agree on a rationale to reverse the trial court in that case, and therefore, affirmed the trial court's decision. Nevertheless, appellant urges the use of *Wilson, supra,* to support the proposition that the time appellant spent on interim suspension should be credited towards the five-year waiting period. We overturned the disbarment in *Wilson* and Wilson was entitled to credit for the time he was disbarred towards his later suspension for a term of years.

We upheld appellant's disbarment in *Cambiano II, supra.* In *Cambiano II,* we stated that the date of appellant's disbarment began when the trial court entered the order of disbarment, August 9, 2000. The Board correctly argued that the issue of the date of appellant's disbarment is subject to collateral estoppel. Collateral estoppel requires four elements; the issue subject to the estoppel must be the same issue as in the previous case; the issue must have been actually litigated; the issue must have been determined by a valid and final judgment; and the issue must have been essential to the judgment. *Office of Child Support Enforcement v. Willis,* 347 Ark. 6, 59 S.W.3d 438 (2001). The date of appellant's disbarment was actually litigated and contested in this court. The valid and final judgment of this court was in *Cambiano II, supra.* Appellant's argument that the date of disbarment was not essential to the determination of the cross-appeal is

unpersuasive. The question of when appellant was disbarred was settled in *Cambiano II, supra,* and appellant is collaterally estopped from revisiting that holding now.

Appellant further claims that it is fundamentally unfair not to credit the time of the interim suspension against the five-year waiting period. Appellant argues that failing to credit the time every attorney subject to an interim suspension is suspended towards the period of disbarment or suspension creates an equal protection violation as some attorneys will be subject to a longer interim suspension while the CPC conducts an investigation as opposed to other attorneys. Appellant fails to make any citations to authority on the nature of the class being denied equal protection. We will not consider issues lacking citation to authority. *Holcombe v. Marts,* 352 Ark. 201, 99 S.W.3d 401 (2003).

Additionally, appellant makes passing reference, without citation to authority, to potential due-process violations if time for the suspension is not credited against the five-year waiting period. As noted above, the imposition of a waiting period is not a due-process violation, as there is no right to be readmitted to the bar after disbarment. Thus, absent a right to be protected, we find there is no due-process violation. *See Roth, supra; Cambiano I, supra.*

An application for readmission to the bar of the State of Arkansas may not be considered within five years of the date of the disbarment of an attorney. Procedures § 24(B)(1). Appellant was disbarred on August 9, 2000, and we upheld that disbarment in *Cambiano II, supra.* Appellant may not now relitigate the issue of when he was disbarred. Appellant applied for readmittance to the bar on August 11, 2003, which is less than five years from the date of his disbarment. Therefore, we hold that the Board properly denied appellant's application.

Accordingly, the Board is hereby affirmed in denying appellant's application for readmission to the bar.