Kenneth L. SMITH, Plaintiff–Appellant,

v.

Mary J. MULLARKEY, Rebecca Love Kourlis, Gregory J. Hobbs, Jr., Alex J. Martinez, Michael L. Bender, Nancy E. Rice, both personally and in their representative capacities as Justices of the Colorado Supreme Court; Gregory Kellam Scott, in his personal capacity only; Nathan B. Coats, in his representative capacity as a Justice of the Colorado Supreme Court; Alan K. Ogden, Susan B. Hargleroad, Shari Frausto, Less Woodward, Carlos Samour, Doris G. Kaplan, Gary Jackson, James Coyle III, Linda Donnelly, and Melanie Backes, both personally and in their representative capacities as agents of the Colorado Board of Law Examiners; and John Does 1–9, Defendants–Appellees.

No. 05SA238.

Supreme Court of Colorado, En Banc.

Oct. 17, 2005.

Kenneth L. Smith, Pro Se, Golden, for Plaintiff–Appellant.

John W. Suthers, Attorney General, Friedrick C. Haines, First Assistant Attorney General, Denver, for Defendants–Appellees.

PER CURIAM.

This matter is before the court on appeal from the Denver District Court. The district court dismissed the case due to lack of subject matter jurisdiction on April 9, 2004. This appeal was originally filed with the Colorado Court of Appeals. That court filed a request for determination of jurisdiction with the supreme court, and on August 18, 2005, the supreme court assumed jurisdiction over the appeal due to the nature of the issues raised. In this per curiam order, the supreme court [1] now affirms the district court's order of April 9, 2004 dismissing the case due to lack of subject matter jurisdiction.

I

Appellant, Kenneth Smith, was awarded a Juris Doctor degree from the University of Denver College of Law in 1995. He applied for admission to the Colorado Bar in January of 1996. Pursuant to C.R.C.P. 201.7 and 201.9, the executive director of the Board of Law Examiners recommended that an inquiry panel be convened to determine questions of Mr. Smith's mental, moral and ethical qualifications for admission to the Bar. The inquiry panel conducted proceedings and ultimately concluded that probable cause existed to believe that Mr. Smith lacked mental stability, and hence recommended that his admission to the Bar be denied.

Mr. Smith requested a formal hearing under C.R.C.P. 201.10, and such hearing was scheduled for April 19 and 20, 1999. The Board of Law Examiners made a motion to require Mr. Smith to submit to a mental status examination prior to the hearing, and the hearing panel granted that motion.

Mr. Smith refused to submit to the examination. As a result, the hearing was vacated, and the hearing panel submitted a report to the supreme court on June 30, 1999 concluding that Mr. Smith's application should be denied. The supreme court issued an order

denying Mr. Smith's application for admission on January 13, 2000. Mr. Smith did not seek certiorari review of that decision with the United States Supreme Court.

Rather, he filed a series of lawsuits, first in federal district court and then in Denver District Court. In those actions, he challenged the denial of his application for admission under 42 U.S.C. section 1983, as a violation of his First, Fourth and Fourteenth Amendment rights.

The order the Court reviews today is the order of the Denver District Court dismissing all of his claims for lack of subject matter jurisdiction.

The Court affirms that order.

II

Article VI of the Colorado Constitution grants the Colorado Supreme Court jurisdiction to regulate and control the practice of law in Colorado to protect the public. *Unauthorized Practice of Law Comm. v. Grimes,* 654 P.2d 822, 823 (Colo.1982); *Conway–Bogue Realty Inv. Co. v. Denver Bar Ass'n,* 135 Colo. 398, 406–07, 312 P.2d 998, 1002–03 (1957). This jurisdiction extends over all matters involving the licensing of persons to practice law in the State of Colorado and is exclusive. C.R.C.P. 201.1; *People v. Buckles,* 167 Colo. 64, 67, 453 P.2d 404, 405 (Colo.1968); *Denver Bar Ass'n v. Pub. Utilities Comm'n,* 154 Colo. 273, 277, 391 P.2d 467, 470 (1964). The supreme court's inherent and plenary power to regulate the practice of law includes the exclusive power to admit applicants to the Bar of this state. *Colorado Supreme Court Grievance Comm. v. Dist. Court, City and County of Denver,* 850 P.2d 150, 152 (Colo.1993); *People v. Belfor,* 200 Colo. 44, 46, 611 P.2d 979, 980 (1980); *Petition of the Colorado Bar Ass'n,* 137 Colo. 357, 366, 325 P.2d 932, 937 (1958). Pursuant to this power, the supreme court has promulgated the Rules Governing Admission to the Bar. *See* C.R.C.P. 201.1 to 227.

The Rules Governing Admission to the Bar provide that applicants must demonstrate they are mentally stable and morally and

---

1. The court is the defendant in this action. By operation of the Rule of Necessity, Canon 3 F., if all or a majority of the court has a conflict, the court must nonetheless hear the case.

ethically qualified for admission. C.R.C.P. 201.6(1). The Board of·Law Examiners may require further evidence of an applicant's mental stability and moral and ethical qualifications reasonably related to the standards for admission, including a current mental status examination. C.R.C.P. 201.6(2); *see also People v. Fagan*, 745 P.2d 249, 254 (Colo.1987) (applicant may be compelled to submit to psychological examination as a condition of admission). Applicants who do not appear to be qualified for admission are referred to an inquiry panel that conducts an investigation to determine whether probable cause exists to believe the applicant is unqualified. C.R.C.P. 201.7 and 201.9. If the panel determines that such probable cause exists, the applicant may request a formal hearing before a hearing panel. C.R.C.P. 201.10. If an applicant requests a hearing, but voluntarily withdraws that request before the hearing is held, the inquiry panel's findings become the recommendation filed with the supreme court. C.R.C.P. 201.9(6)(d). The supreme court, after reviewing the report filed by the hearing panel and any exceptions filed by the applicant, may admit or decline to admit the applicant to the Bar. C.R.C.P. 201.10(2)(e).

■ An applicant may not circumvent the rules of the supreme court by challenging their constitutionality in a district court. *See Colorado Supreme Court Grievance Comm.*, 850 P.2d at 153. In *Colorado Supreme Court Grievance Comm.*, this court held that the district courts may not exercise subject matter jurisdiction over a civil action if the exercise of such jurisdiction interferes with the inherent power of the Colorado Supreme Court to regulate, govern, and supervise the practice of law. 850 P.2d at 153. Although the context of that case involved an attorney disciplinary proceeding, we nonetheless examined why the district courts lack jurisdiction over constitutional challenges to this court's inherent power to regulate the practice of law. *Id.* at 154. Reasoning that the question of constitutionality is inextricably intertwined with the proceeding itself, we held that district courts are without subject matter jurisdiction over such claims because the claim falls within the inherent power and

exclusive jurisdiction of the Colorado Supreme Court. *Id.* at 153–54.

Similarly, as relevant to the present case, constitutional challenges to the Bar admission process are inextricably intertwined with the procedural mechanism used to determine Bar admission qualifications. Consequently, such challenges fall squarely within the Colorado Supreme Court's exclusive and inherent power to admit applicants to the Bar of this state. It is therefore evident that the district courts do not have jurisdiction over claims that question the constitutionality of the Bar admissions process.

■ This conclusion is further compelled by the jurisdiction granted to the district courts by our constitution. Article VI, section 9 of the Colorado Constitution provides, "The district courts shall be trial courts of record with general jurisdiction, and shall have original jurisdiction in all civil, probate and criminal cases, except as otherwise provided herein, and shall have such appellate jurisdiction as may be prescribed by law." This prescription confers upon the district courts broad, but not unlimited judicial power. *See Meyer v. Lamm*, 846 P.2d 862, 869 (Colo.1993); *State Bd. of Cosmetology v. Dist. Court*, 187 Colo. 175, 177, 530 P.2d 1278, 1279 (1974). The district courts have no jurisdiction over Bar proceedings, including those relating to admission, discipline, and disbarment, because such proceedings are neither criminal nor civil, but rather *sui generis*. *See People v. Morley*, 725 P.2d 510, 514 (Colo.1986); *Higgins v. Owens*, 13 P.3d 837, 838 (Colo.App.2000); *Cambiano v. Arkansas State Bd. of Law Examiners*, 357 Ark. 336, 167 S.W.3d 649, 653 (2004); *In re Conduct of Albrecht*, 333 Or. 520, 42 P.3d 887, 890 n. 2 (2002); *In re Evinger*, 604 P.2d 844, 845 (Okl.1979). An applicant may seek review of a final judgment from this court by writ of certiorari to the United States Supreme Court. *See* 28 U.S.C. § 1257(a) (final judgments rendered by the highest court of a state in which a decision could be had may be reviewed by the United States Supreme Court by writ of certiorari); *Doe v. Pringle*, 550 F.2d 596, 599 (10th Cir.1976) (review of Colorado Supreme Court order refusing to grant applica-

tion for admission to Bar reserved exclusively to the United States Supreme Court). An applicant may not disregard a final judgment of this court by seeking review in an inferior state court. *See People ex rel. Attorney General v. Richmond, et al.,* 16 Colo. 274, 279, 26 P. 929, 931 (1891). The Rules Governing Admission to the Bar delineate the ultimate and exclusive procedure to determine an applicant's qualifications for admission. *See Colorado Supreme Court Grievance Comm.,* 850 P.2d at 153. Applicants may not circumvent this process by filing claims in a district court because our rules do not provide for district courts to perform any role in the process. *See id.* Accordingly, we conclude that district courts are without subject matter jurisdiction to entertain challenges to the application and enforcement of the Rules Governing Admission to the Bar.

### III

Mr. Smith's qualifications for admission were at issue after the inquiry panel found that Mr. Smith previously had abused the legal system and exhibited a lack of candor. The Board of Law Examiners adhered to the Rules Governing Admission to the Bar and ultimately recommended that Mr. Smith's application be denied. The supreme court adopted that recommendation and on January 13, 2000, issued an order denying Mr. Smith's application to the Bar. After the supreme court denied Mr. Smith's application to the Colorado Bar, his path of review was to seek certiorari in the United States Supreme Court. He did not take that path. The Colorado Supreme Court's order denying admission therefore became final when the time for filing a petition for writ of certiorari expired. Although Mr. Smith attempted to challenge that order in Denver District Court, it was already final and no longer subject to review.

Accordingly, the Denver District Court was correct in dismissing the action for lack of subject matter jurisdiction and the court therefore affirms.