The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
June 10, 2021

## 2021COA82

**No. 20CA0161, *Colo. Judicial Dep't, Eighteenth Judicial Dist. v. Colo. Judicial Dep't Personnel Bd. of Review* — Courts and Court Procedure — Colorado Judicial System Personnel Rules — Judicial Department Personnel Board of Review; Civil Procedure — C.R.C.P. 106 — Review of Governmental Body Exercising Judicial or Quasi-Judicial Functions**

A division of the court of appeals holds that a decision by the Judicial Department Personnel Board of Review upholding, modifying, or reversing a disciplinary action, including dismissal, by a judicial branch administrative authority cannot be challenged in district court under C.R.C.P. 106(a)(4) because the Colorado Judicial System Personnel Rules, which govern such matters, do not allow for such a challenge.

COLORADO COURT OF APPEALS **2021COA82**

Court of Appeals No. 20CA0161
City and County of Denver District Court No. 19CV33717
Honorable David H. Goldberg, Judge

Colorado Judicial Department, Eighteenth Judicial District,

Plaintiff-Appellant,

v.

Colorado Judicial Department Personnel Board of Review,

Defendant-Appellee,

and Concerning Abbey Dickerson,

Intervenor-Appellee.

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE J. JONES
Navarro and Yun, JJ., concur

Announced June 10, 2021

Philip J. Weiser, Attorney General, Michael T. Kotlarczyk, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellant

Philip J. Weiser, Attorney General, Amy R. Lopez, Assistant Attorney General,
Denver, Colorado, for Defendant-Appellee

Roseman Law Offices, LLC, Barry D. Roseman, Denver, Colorado, for
Intervenor-Appellee

¶ 1     The Colorado Supreme Court, acting pursuant to article VI, section 5 of the Colorado Constitution and section 13-3-105, C.R.S. 2020, promulgated rules — the Colorado Judicial System Personnel Rules (Personnel Rules) — creating a personnel classification system and setting forth procedures for appointing and removing court personnel.  As relevant to this case, these rules establish a process for a Judicial Department employee to challenge the termination of her employment with the branch.  The last step in that process is an appeal to the Judicial Department Personnel Board of Review (Board).

¶ 2     The question presented in this case is whether the Board's decision resolving such an appeal may be challenged in district court under C.R.C.P. 106(a)(4).  We answer that question "no."  As a result, we affirm the district court's judgment dismissing the Eighteenth Judicial District's complaint against the Board for lack of subject matter jurisdiction.[1]

---

[1] Though we hold that the district court lacks subject matter jurisdiction over this case, that doesn't mean that we lack jurisdiction to decide this appeal.  Just as a court has jurisdiction to determine its own jurisdiction, *Keystone, a Div. of Ralston Purina Co. v. Flynn*, 769 P.2d 484, 488 n.6 (Colo. 1989), we have jurisdiction to decide if the district court has jurisdiction.  *See U.S.*

## I.     Background

¶ 3     The Eighteenth Judicial District (District) terminated Abbey Dickerson's employment as a probation officer because, it said, she had violated department confidentiality and use of social media policies.  She appealed to the Board.  Consistent with the applicable rules (discussed in detail below), the Board appointed a hearing officer to conduct an evidentiary hearing.  Following the hearing, the hearing officer determined that although Ms. Dickerson had violated probation department confidentiality and use of social media policies, the District's decision to terminate her employment was arbitrary and capricious.  The hearing officer reduced the discipline to an unpaid ninety-day suspension.

¶ 4     The District appealed the hearing officer's decision to the Board.  The Board upheld the hearing officer's decision.

¶ 5     Unsatisfied, the District filed a complaint against the Board under Rule 106(a)(4) in Denver District Court challenging the

---

*Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21-22 (1994); *United States v. Corrick*, 298 U.S. 435, 440 (1936); *Assouline v. Reynolds*, 219 A.3d 1131, 1140-41 (Pa. 2019).

Board's decision as an abuse of discretion.[2]  Ms. Dickerson intervened in the case.

¶ 6     The Board moved to dismiss the complaint under C.R.C.P. 12(b)(1) for lack of subject matter jurisdiction.  It argued that the application and interpretation of the Personnel Rules are the exclusive province of the Colorado Supreme Court, and that the Board is not a body subject to Rule 106(a)(4).  Ms. Dickerson joined in the Board's motion to dismiss, arguing in addition that the Board isn't a "lower judicial body" within the meaning of Rule 106(a)(4) because it is effectively at the same level as a district court and that, because personnel decisions are made by the district court, allowing a district court to review a Board decision would impermissibly allow a district court to adjudicate its own or another district court's personnel decision.

¶ 7     The District responded that the Board is a "governmental body" and a "lower judicial body" within the meaning of Rule

---

[2] C.R.C.P. 106(a)(4) allows for the filing of an action in district court "[w]here, in any civil matter, any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law."

106(a)(4), no statute creates an exception to the district court's broad statutory jurisdiction for cases such as this, nothing in the Personnel Rules bars Rule 106(a)(4) review of a Board decision, and to read the Personnel Rules as barring such review would violate employees' due process rights.

¶ 8     The district court agreed with the Board and Ms. Dickerson. It ruled that the Board is neither a "governmental body" nor a "lower judicial body" within the meaning of Rule 106(a)(4); the Personnel Rules bar any further appeal from a Board decision; and, because the District is a district court, to allow a Rule 106(a)(4) action in these cases would impermissibly allow one district court to review the actions of another. Thus, the court concluded that it lacks subject matter jurisdiction, and it dismissed the case with prejudice.[3]

## II.     Standard of Review

¶ 9     Normally in an appeal of a Rule 106(a)(4) case, we review whether "the [governmental] body or officer has exceeded its

---

[3] The Board also moved to dismiss under C.R.C.P. 12(b)(5) for failure to state a claim. The district court didn't address the merits of that motion.

4

jurisdiction or abused its discretion, based on the evidence in the record before the defendant body or officer." *Langer v. Bd. of Comm'rs*, 2020 CO 31, ¶ 12 (quoting *Ad Two, Inc. v. City & Cnty. of Denver*, 9 P.3d 373, 376 (Colo. 2000), in turn quoting C.R.C.P. 106(a)(4)).  And in doing that, "we sit in the same position as the district court." *Id.*

¶ 10      But this appeal is different.  No party asks us to review the Board's decision.  Rather, the District asks us to review the district court's decision that it lacks subject matter jurisdiction.  When, as in this case, the challenge to jurisdiction doesn't involve any disputed facts, we review the district court's determination of subject matter jurisdiction de novo.  *Jim Hutton Educ. Found. v. Rein*, 2018 CO 38M, ¶ 17; *Tulips Invs., LLC v. State ex rel. Suthers*, 2015 CO 1, ¶ 11.

¶ 11      Our resolution of that issue in this case turns on interpretations of various court rules.[4]  We also review such matters de novo.  *People ex rel. Rein v. Meagher*, 2020 CO 56, ¶ 23.

---

[4] As noted, article VI, section 5 of the Colorado Constitution and section 13-3-105, C.R.S. 2020, are the sources of authority for the Personnel Rules.  The issue presented doesn't call for us to interpret these provisions per se.  But to the extent our characterization of

¶ 12    In interpreting court rules, we use the same tools of construction that we use when we interpret statutes. *Id.* In determining the meaning of a court rule, we first look to the words and phrases used, ascribing to each its plain and ordinary meaning. *People v. Vanness*, 2020 CO 18, ¶ 17. We also consider the rule's language as a whole and in context. *See Willhite v. Rodriguez-Cera*, 2012 CO 29, ¶ 9; *L & R Expl. Venture v. CCG, LLC*, 2015 COA 49, ¶ 17. If, after using these tools, we decide that a court rule is unambiguous, we apply it as written, without employing other tools of construction. *Delta Air Lines, Inc. v. Scholle*, 2021 CO 20, ¶ 13; *Mercantile Adjustment Bureau, L.L.C. v. Flood*, 2012 CO 38, ¶ 30.

## III.   Discussion

¶ 13    To resolve the jurisdictional question before us, we must first answer this question: "Do the Personnel Rules, by their terms, preclude judicial review by a district court of a decision made by the Board?" If they do, our job is finished because any potential

---

the import of those provisions can be seen as interpreting them, any such interpretation is de novo. *Campaign Integrity Watchdog v. All. for a Safe & Indep. Woodmen Hills*, 2018 CO 7, ¶ 19.

conflict between the more specific Personnel Rules, promulgated by the supreme court, and the more general Rule 106(a)(4), also promulgated by the supreme court, must be resolved by giving effect to the Personnel Rules. *Indus. Claim Appeals Off. v. Zarlingo*, 57 P.3d 736, 737 (Colo. 2002). But if they don't, we must answer a second question: "Is the Board's decision in a matter entrusted to it reviewable in district court under Rule 106(a)(4)?" More specifically, "Is the Board's decision in such a case a decision by a 'governmental body . . . or any lower judicial body exercising judicial or quasi-judicial functions?'" C.R.C.P. 106(a)(4). If so, the district court has jurisdiction over this case. If not, it doesn't.

¶ 14     We hold that the Personnel Rules, by their terms, bar review of a Board decision by a district court. In light of that conclusion, we don't need to determine whether the Board is a "governmental body" or "lower judicial body" within the meaning of Rule 106(a)(4).

## A. The Personnel Rules

¶ 15     The supreme court promulgated the Personnel Rules "pursuant to the authority vested by section 5(3) of article VI of the state constitution, and in fulfillment of the requirements of section

13-3-105, [C.R.S. 2020].” C.J.S.P.R. 2 (2018).[5] Article VI, section 5(3) of the Colorado Constitution says that “[t]he supreme court shall appoint a court administrator and such other personnel as the court may deem necessary to aid the administration of the courts.” Section 13-3-105 says that “[t]he supreme court, pursuant to section 5(3) of article VI of the state constitution, shall prescribe, by rule, a personnel classification plan for all courts of records to be funded by the state . . . .” § 13-3-105(1). That plan must include, as relevant to this case, “[t]he procedures for and the regulations governing the appointment and removal of court personnel.” § 13-3-105(2)(f). It is therefore clear — and no party disputes — that the supreme court has sole authority over personnel matters within the Judicial Department, including the authority to oversee and make rules governing termination of Judicial Department employees’ employment.

¶ 16 The Personnel Rules promulgated by the supreme court govern a host of personnel matters — from hiring, classification,

---

[5] We apply the version of the Personnel Rules in effect when Ms. Dickerson challenged her termination. The supreme court amended the rules in 2020, but not in any way affecting the outcome of this case.

and compensation of employees to conditions and terms of employment and employee discipline and termination.[6]

¶ 17   C.J.S.P.R. 29 of the Personnel Rules concerns disciplinary actions, including "dismissal." *See* C.J.S.P.R. 29.C.1 (2018). The responsibility for imposing any disciplinary action is "vested in the Administrative Authority." C.J.S.P.R. 29.A.1 (2018). The Administrative Authority for a judicial district's employees (including probation department employees) is the Chief Judge of that judicial district. C.J.S.P.R. 6.A.4 (2018). Every Administrative Authority is "responsible to the Chief Justice and the Supreme Court for all personnel matters for all employees within the jurisdiction." C.J.S.P.R. 6.A.5 (2018).

¶ 18   If the Administrative Authority contemplates any disciplinary action against an employee, he or she must first give the employee an opportunity to respond or present mitigating evidence. C.J.S.P.R. 29.C.5 (2018). If, after doing so, the Administrative Authority decides to impose discipline, he or she must so notify the employee in writing. That notice must include certain information,

_____

[6] The Personnel Rules are limited to certain employees within the Judicial Department. C.J.S.P.R. 3 (2018).

9

including the employee's "right, if any, to appeal the disciplinary action, including the time limit in which an appeal must be filed, and the name and address of the person with whom it is to be filed." C.J.S.P.R. 29.C.7(d) (2018).[7] Except for certain employees, "an employee who has received a disciplinary action pursuant to [Rule 29] may request review of the action as provided in Rule 34." C.J.S.P.R. 29.C.9 (2018).

¶ 19    Rule 34 governs the process for an employee to challenge an Administrative Authority's disciplinary action via appeal. It creates the Board and gives it "jurisdiction over appeals of disciplinary actions pursuant to Rule 29." C.J.S.P.R. 34.A.1, 34.A.4 (2018). The Board has eight members, all appointed by the Chief Justice: an appellate court justice or judge, a district court judge other than a chief judge, a county court judge, a district administrator, a chief probation officer, a nonmanagement administrative employee, a probation employee, and "a court employee not within the management occupational group." C.J.S.P.R. 34.A.1 (2018). The members serve three-year terms. *Id.*

---

[7] It is undisputed that the Administrative Authority complied with all applicable rules in this case.

¶ 20    The Board may reverse or modify an Administrative Authority's disciplinary action only if it finds "that the action was arbitrary, capricious, or contrary to rule or law."  C.J.S.P.R. 34.A.5 (2018).  But appeals aren't resolved initially by the Board itself.  The Board appoints a hearing officer to conduct an evidentiary hearing.  C.J.S.P.R. 34.A.7, 34.D.1 (2018).  Motions and discovery are allowed, albeit not quite to the extent allowed in civil cases subject to the Colorado Rules of Civil Procedure.  *See* C.J.S.P.R. 34.D.3- 34.D.4 (2018).  The hearing itself proceeds much like an ordinary civil trial in accordance with the procedures prescribed by section 24-4-105, C.R.S. 2020, of the Administrative Procedure Act (APA), though the rules of evidence aren't strictly followed.  C.J.S.P.R. 34.E-34.E.4 (2018).  The Administrative Authority bears the burden of establishing that his or her decision is not "arbitrary, capricious or contrary to rule or law."  C.J.S.P.R. 34.E.5 (2018).  The employee may be represented by an attorney (at the employee's expense).  C.J.S.P.R. 34.C.1.c (2018).

¶ 21    The hearing officer must apply the preponderance of the evidence standard to determine whether the Administrative Authority's action was arbitrary, capricious, or contrary to rule or

11

law "and what, if any, remedial action should be ordered, or whether the appeal should be dismissed or denied." C.J.S.P.R. 34.F.1 (2018). The hearing officer's written decision must include "specific findings of fact and conclusions of law." C.J.S.P.R. 34.F.3 (2018). And it must notify the parties of their right "to appeal to the Board." *Id.*

¶ 22     If neither party appeals to the Board, the hearing officer's decision "shall become the decision of the Board and shall be carried into effect." C.J.S.P.R. 34.F.4 (2018). But if a party appeals to the Board, "the hearing officer's decision is not final and may not be given effect until the Board has decided the appeal." *Id.*

¶ 23     Either party may "appeal" the hearing officer's decision to the Board by following certain procedures. C.J.S.P.R. 34.G-34.G.4 (2018). The Board reviews the record, the parties' briefs, and the hearing officer's decision. And the Board may allow oral argument. C.J.S.P.R. 34.G.4, 34G.5.a-b (2018).

¶ 24     The Board is bound by the hearing officer's findings of evidentiary fact unless they are "contrary to the weight of the evidence." C.J.S.P.R. 34.G.5.c (2018). By majority vote, the Board may "affirm, modify or reverse" the hearing officer's decision or

12

remand the case to the hearing officer for further proceedings. *Id.* It must issue a written decision. And that decision "*is final, and there is no further right to appeal.*" C.J.S.P.R. 34.G.5.d (2018) (emphasis added); *see also* C.J.S.P.R. 34.A.6 (2018) ("All decisions of the Board shall be final and binding on all parties and are not subject to appeal or review procedures set forth in these rules."); C.J.S.P.R. 34.B.1 (2018) ("Appeals shall be limited specifically to the circumstances described in section A.5. of this rule.").

## B. Analysis

¶ 25    For four reasons, we conclude that the Personnel Rules bar judicial review in district court under Rule 106(a)(4).

¶ 26    First, the structure of the decision-making process set out in the Personnel Rules belies any notion of such review. As discussed, the hearing before the hearing officer, though called an "appeal," proceeds much like a trial, with witnesses, other evidence, arguments, and findings.[8] Before the hearing, each party must

---

[8] As noted, the hearing is to be conducted in accordance with section 24-4-105, C.R.S. 2020, of the APA, except where the Personnel Rules differ from the statute. C.J.S.P.R. 34.E (2018). Judicial Department employees are otherwise excluded from the APA's operation. § 24-4-102(3), C.R.S. 2020.

submit a "Prehearing Information Statement," which looks for all the world like a trial management order akin to that required in civil cases by C.R.C.P. 16(f). As well, there is an opportunity for discovery (including written discovery requests and depositions), and parties may file motions.

¶ 27 After the hearing officer renders a written decision containing findings of fact and conclusions of law, a party may "appeal" to the Board. As described above, such an appeal is handled very much like an appeal to the court of appeals in a civil case.

¶ 28 In sum, the Personnel Rules provide for what in effect are a trial and an appeal. And an employee is provided substantial procedural rights at both levels — rights going beyond those that apply in an agency proceeding under the APA. Also in contrast to the procedures of the APA, the final appeal is heard by a body — the Personnel Board — that includes judicial officers. All this indicates that the supreme court intended the process set forth in the Personnel Rules to be exclusive.

¶ 29 Second, the Personnel Rules don't provide for judicial review following the Board's decision. This contrasts with the APA, which does so. § 24-4-106, C.R.S. 2020. The supreme court obviously

14

could have similarly provided for judicial review of the Board's decision in the Personnel Rules, but it didn't.

¶ 30    Third, the Personnel Rules say that the appeal to the Board is the last, "final" step before an Administrative Authority's disciplinary action takes effect.  "Appeals [are] limited specifically to the circumstances described in section A.5. of [the Personnel Rules]."  C.J.S.P.R. 34.B.1 (2018).  Those "circumstances" are "action[s] of an Administrative Authority which [are] appealable *to the Board* pursuant to [the Personnel Rules]."  C.J.S.P.R. 34.A.5 (2018) (emphasis added).  "All decisions of the Board shall be final and binding on all parties and are not subject to appeal or review procedures set forth in [the Personnel Rules]."  C.J.S.P.R. 34.A.6 (2018).  And, "[t]he decision of the Board is final, and there is no further right to appeal."  C.J.S.P.R. 34.G.5.d (2018).  These strong, clear disavowals of further appeal rights would be undermined (indeed, read out of existence) by allowing for district court review.

¶ 31    Fourth, personnel matters in the Judicial Department lie within the exclusive province of the supreme court.  That is so by virtue of the constitution.  And the Personnel Rules themselves reflect this.  They are not only created by the supreme court; they

15

acknowledge the Chief Justice's authority over the branch, C.J.S.P.R. 6.A.1 (2018), and provide that all Administrative Authorities within the branch are responsible to the Chief Justice and the supreme court in all personnel matters, C.J.S.P.R. 6.A.5 (2018). Allowing for district court review of such matters would undermine the supreme court's sole authority to oversee such matters.

¶ 32 Our reasoning is buttressed by the supreme court's recent decision resolving a similar issue in *Chessin v. Office of Attorney Regulation Counsel*, 2020 CO 9. In that case, an attorney filed a complaint in district court under Rule 106(a)(4) challenging a decision by the Office of Attorney Regulation Counsel not to bring disciplinary charges against another attorney. In holding that the district court lacked subject matter jurisdiction, the supreme court rested its decision on three related pillars:

1. The supreme court has exclusive authority to regulate and supervise the practice of law, which includes the authority to determine the structure and administration of attorney regulation proceedings. It has exercised that authority by adopting rules

16

specifically to govern such proceedings. *Id.* at ¶¶ 2, 11-12.

2. The supreme court's rules for disciplinary proceedings don't provide for district court review of decisions of the type challenged in that case. *Id.* at ¶¶ 10, 15.

3. The supreme court's rules governing such matters say that "the decision of the Regulation Counsel [regarding whether to proceed] shall be final, and the complaining witness shall have no right to appeal." *Id.* at ¶ 15 (quoting C.R.C.P. 251.9(b)).

¶ 33     The court concluded:

> [A] district court's exercise of jurisdiction over such a claim would interfere with the inherent power of this court to regulate, govern, and supervise the practice of law because it would directly circumvent the rules we have prescribed, which provide that "the complaining witness shall have no right to appeal" Regulation Counsel's decision not to pursue further investigation of a particular complaint.

*Id.* at ¶ 21.

¶ 34     *Chessin* is, as the supreme court observed, of a piece with prior supreme court decisions concerning areas in which the

17

supreme court has essentially plenary authority.  *See, e.g.*, *Smith v. Mullarkey*, 121 P.3d 890 (Colo. 2005) (district court lacked jurisdiction to review a decision of the Board of Law Examiners); *Colo. Sup. Ct. Grievance Comm. v. Dist. Ct.*, 850 P.2d 150 (Colo. 1993) (district court lacked jurisdiction over complaint challenging constitutionality of attorney disciplinary rule facially and as applied).

¶ 35     The upshot of this line of authority, as we see it, is that where the supreme court has sole authority under the state constitution to regulate in a particular area, it has promulgated rules governing that area, and those rules don't provide for district court review, a district court lacks jurisdiction to review a decision emanating from the process created by such rules (or, indeed, any challenge to the rules themselves) because allowing such review interferes with the supreme court's exercise of its authority.

¶ 36     This case fits that mold.  The supreme court's authority to regulate personnel within the Judicial Department emanates from the express terms of the Colorado Constitution.  The supreme court has promulgated rules governing the field.  And those rules don't provide for district court review; to the contrary, they appear to

preclude it. Thus, we conclude that the Personnel Rules, by their terms, preclude district court review under Rule 106(a)(4).

¶ 37    The District's arguments to the contrary are unpersuasive.

¶ 38    The District relies first on the "broad" language of Rule 106(a)(4). But if that language controlled, *Chessin* (as well as *Smith* and *Colorado Supreme Court Grievance Committee*) would have come out differently. Under *Chessin*'s reasoning, supreme court rules such as the Personnel Rules are incompatible with district court review.

¶ 39    Nor does the constitution's broad grant of jurisdiction to district courts dictate a contrary result. *See* Colo. Const. art. VI, § 9(1). The court rejected this very argument in *Smith*. It held that if a "claim falls within the inherent power and exclusive jurisdiction" of the supreme court, or if the exercise of jurisdiction by the district court would "interfere[] with the inherent power" of the supreme court to regulate and supervise the practice of law, the district court has no jurisdiction under article VI, section 9. *Smith*, 121 P.3d at 892. As discussed, the supreme court has constitutional, exclusive jurisdiction over the personnel system for Judicial Department employees.

¶ 40 Lastly, the District raises the specter of "unconstitutional consequences," asserting that denying employees "judicial review would likely violate their due process rights." But the District makes little effort to develop this argument. And we observe that, as discussed in detail above, the Personnel Rules provide employees with extensive procedural rights. One such right, for example, is the right to appeal to a body within the Judicial Department that includes among its members three judicial officers.[9] In short, the District hasn't clearly identified any due process problem and none is obvious.

## IV. Conclusion

¶ 41 We affirm the district court's judgment.

JUDGE NAVARRO and JUDGE YUN concur.

---

[9] The District argues that the Board is a "governmental body" or "lower judicial body" within the meaning of Rule 106(a)(4). We don't take any position on that issue. Nor do we take any position on whether a party may attempt to challenge the Board's decision directly with the supreme court via C.A.R. 21.