25CA1319 Peo v Vreeland 05-28-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1319
Douglas County District Court No. 04CR706
Honorable Victoria Klingensmith, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Delmart Edward Vreeland,

Defendant-Appellant.

ORDER VACATED

Division I
Opinion by JUDGE J. JONES
Fox and Dunn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 28, 2026

Philip J. Weiser, Attorney General, Patrick A. Withers, Assistant Solicitor
General and Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-
Appellee

Brownstone P.A., George Thomas, Winter Park, Florida, for Defendant-
Appellant

¶ 1     Defendant, Delmart Edward Vreeland, appeals the postconviction court's order correcting his sentence under Crim. P. 36. We vacate the order's changes to his sentence.

## I.     Background

¶ 2     In 2004, Vreeland told two teenage boys that he would pay them if they would let him photograph them in their underwear. He gave the two teens alcohol and cocaine, took photographs of them, and sexually assaulted them.

¶ 3     In 2006, a jury found Vreeland guilty of two counts of inducement of child prostitution, two counts of soliciting for child prostitution, four counts of sexual exploitation of children, two counts of sexual assault, two counts of contributing to the delinquency of a minor, and one count of distribution of a controlled substance. In 2008, the court sentenced Vreeland to more than 300 years in prison. A division of this court affirmed the judgment of conviction on direct appeal. *People v. Vreeland*, (Colo. App. No. 08CA2468, Feb. 14, 2013) (not published pursuant to C.A.R. 35(f)) (*Vreeland I*).

¶ 4     Vreeland filed a postconviction petition in 2017. The postconviction court denied his petition without a hearing. A

division of this court affirmed. *People v. Vreeland*, (Colo. App. No. 17CA1648, Aug. 27, 2020) (not published pursuant to C.A.R. 35(e)) (*Vreeland II*).

¶ 5    In 2021, Vreeland filed a second postconviction petition. He alleged, in relevant part, that the district court had sentenced him to an illegal sentence by ordering the sentence on count eight to run concurrently with the sentence on count nine. (Both counts were for sexual exploitation of child-victim N.M.) Instead, he alleged, the court should have imposed the count eight sentence consecutively to the count nine sentence. The postconviction court denied his petition without a hearing. Vreeland appealed that order. *See People v. Vreeland*, (Colo. App. No. 22CA1704, Oct. 16, 2025) (not published pursuant to C.A.R. 35(e)) (*Vreeland III*).

¶ 6    In June 2025, while *Vreeland III* was pending, the postconviction court issued an order *sua sponte* correcting the mittimus, purporting to correct "[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission[, which] may be corrected by the court at any time and after such notice, if any, as the court orders." Crim. P. 36. Among those corrections, the court ordered Vreeland's

sentence for count nine to run consecutively to his sentence for count eight. (The court also corrected a couple of statutory cites. Those corrections were clearly clerical and aren't relevant to this appeal.)

¶ 7    In the current appeal, Vreeland challenges the postconviction court's June 2025 *sua sponte* order.

¶ 8    The *Vreeland III* division affirmed the postconviction court's order denying without a hearing Vreeland's second postconviction petition and declined to disturb the original concurrent sentences on counts eight and nine. But, as relevant to this appeal, the division held that the postconviction court didn't have jurisdiction in June 2025 to order the sentences to run consecutively because "[a]fter a party has perfected an appeal of a final judgment, the trial court lacks jurisdiction to entertain any motion for an order affecting the judgment." *Vreeland III*, ¶¶ 48-49 (citing *People v. Dist. Ct.*, 638 P.2d 65, 66 (Colo. 1981)). And the division concluded that the postconviction court's June 2025 *sua sponte* order didn't fall within its authority under Crim. P. 36 because the order materially altered Vreeland's sentence. *Id.* at ¶¶ 50-51.

## II.    Discussion

¶ 9      Vreeland contends that the *Vreeland III* division lacked jurisdiction to consider the postconviction court's *sua sponte* order because that order wasn't in the record.[1,2]  We conclude that the division had jurisdiction, and we vacate the postconviction court's *sua sponte* order altering the sentences.

¶ 10     "Just as a court has jurisdiction to determine its own jurisdiction, [appellate courts] have jurisdiction to decide if the district court has jurisdiction."  *Colo. Jud. Dep't, Eighteenth Jud. Dist. v. Colo. Jud. Dep't Pers. Bd. of Rev.*, 2021 COA 82, ¶ 2 n.1 (citation omitted), *aff'd*, 2022 CO 52.  And an appellate court may review jurisdictional defects on its own motion.  *See People v.*

---

[1] Vreeland also argues that the postconviction court was required to hold a hearing before *sua sponte* correcting his sentence and that the People were precluded from arguing that the sentence on count eight should run concurrently to the sentence on count nine. Because we vacate the portion of the order regarding those counts, we don't address Vreeland's other contentions.  *See People v. Nevelik*, 2021 COA 30, ¶ 1.

[2] Throughout the opening brief, Vreeland's counsel violates our formal policy prohibiting parties from citing unpublished decisions of this court.  *See* Colo. Jud. Branch, *Court of Appeals Policies, Policy Concerning Citation of Opinions Not Selected for Official Publication* (2026), https://perma.cc/ZQW2-H29D.  We trust that this violation of our policy won't be repeated.

*S.X.G.*, 2012 CO 5, ¶ 9. When "an appeal of a final judgment has been perfected, the trial court is without jurisdiction to entertain any motion for an order affecting the judgment." *Dist. Ct.*, 638 P.2d at 66. A defendant's sentence is part of the judgment of conviction. Crim. P. 32(b)(3).

¶ 11     The *Vreeland III* division correctly assessed that the postconviction court was divested of jurisdiction pending the appeal. And the division had to address the court's June 2025 order to reach the merits of Vreeland's arguments in that appeal. We agree with the *Vreeland III* division that changing sentences to run consecutively rather than concurrently is more than a clerical change, and that such a change may not be made under Rule 36. But we observe that, although the *Vreeland III* division correctly concluded that the June 2025 order was void, it didn't expressly vacate that order. *See Merchs. Mortg. & Tr. Corp. v. Jenkins*, 659 P.2d 690, 692 (Colo. 1983) (a void judgment "must be vacated").

¶ 12　Because the *sua sponte* order is now before us, we vacate the portion of the postconviction court's *sua sponte* June 2025 order addressing sentencing on counts eight and nine.[3]

### III.　Disposition

¶ 13　We vacate the postconviction court's June 2025 order.

JUDGE FOX and JUDGE DUNN concur.

---

[3] The People — relying on *People ex rel. Gallagher v. Dist. Ct.*, 666 P.2d 550, 553 (Colo. 1983) — ask us to apply the law of the case doctrine to adopt the *Vreeland III* division's opinion with regard to the validity of Vreeland's sentence.  But the original sentencing order isn't before us.  Our review is limited to the June 2025 order.