F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUN 11 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

KENNETH L. SMITH,

Plaintiff-Appellant,

v.

MARY J. MULLARKEY, personally
and in her representative capacity as
Justice of the Colorado Supreme
Court; REBECCA LOVE KOURLIS,
personally and in her representative
capacity as Justice of the Colorado
Supreme Court; GREGORY J.
HOBBS, JR., personally and in his
representative capacity as Justice of
the Colorado Supreme Court; ALEX
J. MARTINEZ, personally and in his
representative capacity as Justice of
the Colorado Supreme Court;
MICHAEL L. BENDER, personally
and in his representative capacity as
Justice of the Colorado Supreme
Court; NANCY E. RICE, personally
and in her representative capacity as
Justice of the Colorado Supreme
Court; GREGORY KELLUM
SCOTT, in his personal capacity
only; NATHAN B. COATS, in his
representative capacity as Justice of
the Colorado Supreme Court; ALAN
K. OGDEN, personally and in his
representative capacity as agent of
the Colorado Board of Law
Examiners; SUSAN B.
HARGLEROAD, personally and in

No. 02-1481
(D.C. No. 00-N-2225 (OES))
(D. Colo.)

her representative capacity as agent of the Colorado Board of Law Examiners; SHARI FRAUSTO, personally and in her representative capacity as agent of the Colorado Board of Law Examiners; LES WOODWARD, personally and in his representative capacity as agent of the Colorado Board of Law Examiners; CARLOS SAMOUR, personally and in his representative capacity as agent of the Colorado Board of Law Examiners; JAMES COYLE, III, personally and in his representative capacity as agent of the Colorado Board of Law Examiners; LINDA DONNELLY, personally and in her representative capacity as agent of the Colorado Board of Law Examiners; MELANIE BACKES, personally and in her representative capacity as agent of the Colorado Board of Law Examiners; and John Does 1-9,

Defendants-Appellees.

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** , **BARRETT** , and **ANDERSON** , Circuit Judges.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Kenneth L. Smith, appearing pro se, appeals from a final judgment entered by the district court dismissing his complaint against defendants, which he brought pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213. The district court ruled that it did not have subject matter jurisdiction over plaintiff's case. We affirm.

The facts of this case are well known to the parties and will not be repeated at length here. The dispute surrounds plaintiff's application to practice law in the State of Colorado. Plaintiff graduated from law school, passed the state bar examination, and passed the professional ethics examination, all prerequisites to obtaining a license to practice law in Colorado. When plaintiff was ordered to submit to a mental status examination by the Board of Law Examiner's Hearing Panel, however, plaintiff refused. Primarily because plaintiff refused to submit to that examination, the Hearing Panel recommended to the Colorado Supreme Court that plaintiff's application be denied. After consideration of the record, including plaintiff's application, the Hearing Panel's report and recommendation, plaintiff's

exceptions to that report, and the responses filed by the Board of Law Examiners, the Colorado Supreme Court denied plaintiff's application for admission to the State Bar.

Plaintiff did not seek review of that denial with the United States Supreme Court, as he is permitted pursuant to 28 U.S.C. § 1257. Instead, ten months later, plaintiff filed a complaint in federal district court setting forth twenty claims for relief for alleged violations of federal law and of plaintiff's constitutional rights. Plaintiff sought declarations that the Colorado bar admissions process and certain admissions rules were unconstitutional, as well as money damages "resulting from the wrongful deprivation of [plaintiff's] property interest in the right to practice law." R. Vol. I, doc. 5 at 63.

Defendants moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction and, alternatively, on grounds of absolute judicial and quasi-judicial immunity. The district court granted that motion ruling, inter alia, that "[t]he United States District Court for this district does not have subject matter jurisdiction over this case because it is a challenge by the plaintiff to a judgment entered in a quasi-judicial adjudicatory proceeding in his case, and is an improper attempt to review that judgment in this court, as opposed to seeking review in the United States Supreme Court." *Id.,* doc. 32 at 2. Plaintiff has

appealed, disputing the district court's determination that it lacked jurisdiction. [1]

We review that determination de novo. *Johnson v. Rodrigues,* 226 F.3d 1103, 1107 (10th Cir. 2000).

Because federal review of state court judgments may be obtained only in the United States Supreme Court pursuant to 28 U.S.C. § 1257, "[t]he *Rooker-Feldman* doctrine prohibits a lower federal court from considering claims actually decided by a state court, and claims 'inextricably intertwined' with a prior state-court judgment." *Kenmen Eng'g v. City of Union,* 314 F.3d 468, 473 (10th Cir. 2002) (citing *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415-16 (1923); *Dist. of Columbia Ct. of App. v. Feldman,* 460 U.S. 462, 483 n.16 (1983)). Under this doctrine, a party who loses in a state court proceeding is barred "'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgement itself violates the loser's federal rights.'" *Kiowa Indian Tribe of Okla.*

[1] The district court stated that there were three bases for dismissing plaintiff's complaint: (1) lack of subject matter jurisdiction; (2) absolute immunity; and (3) failure to state a claim on which relief can be granted. Because we agree that the district court lacked subject matter jurisdiction over plaintiff's claims, we do not address plaintiff's arguments concerning the district court's alternative bases for its ruling. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

*v. Hoover,* 150 F.3d 1163, 1169 (10th Cir. 1998) (quoting *Johnson v. DeGrandy,* 512 U.S. 997, 1005-06 (1994)).

In his appeal, plaintiff argues that his federal court complaint includes general constitutional challenges to Colorado state law that fall outside this jurisdictional bar. [2] In an opinion released during the briefing of this appeal, this court discussed the *Rooker-Feldman* doctrine and, most relevant to the appeal, addressed the contours of the phrase "inextricably intertwined" as it has been articulated by the Supreme Court. *See Kenmen Eng'g,* 314 F.3d at 475-477. In that opinion, the court stated:

> Thus, the Supreme Court has identified two categories of cases that fall outside *Feldman's* 'inextricably intertwined' umbrella. First, under *Feldman,* a party may bring a general constitutional challenge to a state law, provided that: (1) the party does not request that the federal court upset a prior state-court judgment applying that law against the party, and (2) the prior state-court judgment did not *actually decide* that the state law at issue was facially constitutional. Second, under *Pennzoil* [*Co. v. Texaco, Inc.,* 481 U.S. 1 (1987)], a party may challenge state procedures for enforcement of a judgment, where consideration of the underlying state-court decision is not required.

---

[2] The implication of plaintiff's argument is that these challenges were neither actually decided by the state court, nor inextricably intertwined with the state court judgment. Because we conclude plaintiff's federal claims are inextricably intertwined with the prior state court judgment denying his application to practice law, we need not reach the question of whether the state court actually decided the issues raised in plaintiff's claims.

*Id.* at 476 (citations and footnote omitted). Noting the difficulty in formulating a "foolproof test" for guiding the courts in deciding the inextricably intertwined question, the court articulated the following inquiry:

> in general we must ask whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. Three related concepts – injury, causation, and redressability – inform this analysis. In other words, we approach the question by asking whether the state-court judgment *caused,* actually and proximately, the *injury* for which the federal-court plaintiff seeks *redress.* If it did, *Rooker-Feldman* deprives the federal court of jurisdiction.

*Id.* (citations, quotation, and footnote omitted).

Using these principles as a guide, we are convinced that the district court did not have jurisdiction over plaintiff's claims. After a careful reading of plaintiff's complaint, affording him the liberality given to all pro se litigants, we conclude that each of plaintiff's claims is inextricably intertwined with the state court's denial of his application for admission to the state bar; thus, under *Rooker-Feldman,* those claims may not be reviewed by the district courts. Plaintiff's continuing attempts to re-frame the issues so that his claims fall outside the ambit of *Rooker-Feldman* are unavailing. Despite his protests to the contrary, it is clear that plaintiff's injury resulted from the state-court judgment, that his complaint in federal court sought only to upset that judgment, and that the resolution of his federal claims necessarily required consideration of the underlying state-court decision. *See Kenmen Eng'g,* 314 F.3d at 476.

Accordingly, the district court correctly dismissed plaintiff's complaint for lack of subject matter jurisdiction.

We have reviewed plaintiff's remaining arguments concerning the jurisdictional issue and we conclude that they are without merit. The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge