**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 8, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KENNETH L. SMITH,

      Plaintiff-Appellant,

v.

UNITED STATES COURT OF
APPEALS, FOR THE TENTH
CIRCUIT; THE JUDICIAL COUNCIL
FOR THE UNITED STATES COURT
OF APPEALS FOR THE TENTH
CIRCUIT; EDWARD W.
NOTTINGHAM, District Judge, in
his personal capacity only;
HONORABLE MARY BECK
BRISCOE, in personal capacity only;
HONORABLE STEPHEN H.
ANDERSON, in personal capacity
only; HONORABLE JAMES E.
BARRETT; HONORABLE
H. JEFFREY BAYLESS, in personal
capacity and in his representative
capacity as the chief judge of the
District Court, City and County
of Denver; KEN SALAZAR,
Honorable, in his personal capacity
only, and John Does 1-99,

      Defendants-Appellees.

No. 04-1468

---

KENNETH L. SMITH,

        Plaintiff-Appellant,

   v.

MARY J. MULLARKEY; REBECCA
LOVE KOURLIS; MICHAEL L.
BENDER; GREGORY J. HOBBS, JR.;
ALEX J. MARTINEZ; NATHAN B.
COATS; NANCY E. RICE, Hons. in
their official capacities as Justices
of the Colorado Supreme Court,

        Defendants-Appellees.

No. 04-1470

---

**Appeal from the United States District Court
for the District of Colorado
(D.C. Nos. 04-RB-1222(OES) and 04-RB-1223 (OES))**

---

**Submitted on the Briefs:**[*]

Kenneth L. Smith, *pro se*

John W. Suthers, Attorney General; and Friedrick C. Haines, First Assistant
Attorney General, State of Colorado, Denver Colorado, for Defendants-Appellees.

---

Before **HOLLOWAY**, **SEYMOUR**, and **BALDOCK**, Circuit Judges.

---

**SEYMOUR**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are
therefore ordered submitted without oral argument.

Kenneth L. Smith appeals the district court's dismissal of two separate lawsuits stemming from the denial of his application for admission to the Colorado bar. The present litigation focuses on asserted deficiencies he alleges existed in the judicial process provided to him in his previous legal challenges. In particular, Mr. Smith objects to the resolution of cases by non-precedential unpublished decisions, a practice permitted by procedural rules issued and enforced by the Colorado courts and by this circuit.[1] As explained below, we agree with the district court that neither of the cases under review can properly proceed in federal district court. We therefore affirm.

---

[1] Because the Tenth Circuit Court of Appeals, several circuit judges, and a district judge in the circuit are named defendants in the action challenging this court's publication practice, plaintiff has moved for recusal of all Tenth Circuit judges and designation of a hearing panel from another circuit. Given "there are no pertinent, particularized allegations of bias," we apply our general rule that, notwithstanding the inclusion of Tenth Circuit judges in the caption, "neither this court nor this panel . . . is disqualified from hearing and resolving this case." *Switzer v. Coan*, 261 F.3d 985, 987 n.1 (10th Cir. 2001) (brackets, quotation marks and citations omitted). Indeed, it seems peculiarly unfitting for one circuit's procedural rules and practices to be governed by judges from another circuit. Such matters are, of course, subject to the judgment of the Supreme Court, which has wide-ranging authority through both case-specific review and its general supervisory power "to intervene to protect the integrity of the federal system." 32 Am. Jur. 2d *Federal Courts* § 473 (discussing authority regarding Supreme Court's supervisory power).

# I

## *Background*

Mr. Smith graduated from law school, passed the state bar examination, and passed the professional ethics examination, all prerequisites to obtaining a license to practice law in Colorado. When he was ordered to submit to a mental status examination by the Board of Law Examiners' Hearing Panel, however, he refused. Primarily because Mr. Smith refused to submit to that examination, the Hearing Panel recommended to the Colorado Supreme Court that his application be denied. After consideration of the record, including Mr. Smith's application, the Hearing Panel's report and recommendation, Mr. Smith's exceptions to that report, and the responses filed by the Board of Law Examiners, the Colorado Supreme Court denied the application for admission to the State Bar. Mr. Smith then filed an action in federal district court challenging the admission process on constitutional grounds. That action was dismissed pursuant to the *Rooker-Feldman* doctrine.[2] On appeal, this court affirmed in an unpublished Order and Judgment, *see Smith v. Mullarkey*, No. 02-1481, 2003 WL 21350579 (10th Cir. June 11, 2003), and denied Mr. Smith's request for a rehearing.

---

[2]  The *Rooker-Feldman* doctrine holds that under 28 U.S.C. § 1257, the only federal court with jurisdiction to review state court judgments is the Supreme Court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) (discussing *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414-16 (1923)).

Mr. Smith unsuccessfully sought a writ of mandamus and/or prohibition from the Supreme Court.

In the meantime, Mr. Smith challenged the bar admission process in state court on state and federal (42 U.S.C. § 1983) grounds. The state trial court summarily dismissed for lack of jurisdiction, citing the state supreme court's exclusive authority over matters pertaining to bar admissions. *See Colo. Sup. Ct. Grievance Comm. v. Dist. Ct.*, 850 P.2d 150, 152 (Colo. 1993) (en banc). The state trial court did not mention § 1983 or address whether the invoked jurisdictional limitation was a valid basis for denying enforcement of the federal rights involved. Mr. Smith appealed this decision to the Colorado Court of Appeals.

He subsequently filed the two actions currently before us. In the first, he sued the justices of the Colorado Supreme Court, challenging the state court's use of non-precedential unpublished decisions to dispose of appeals. He contends this creates a system "wherein [the Colorado] appellate courts are free to affirm irregular (and even flagrantly unconstitutional) decisions in unpublished opinions – while having no effect upon [the state's] 'official' published law." Rec. (Appeal No. 04-1470), vol. I, doc. 1 at 2. Specifically, he alleges the state trial court failed to follow controlling precedent, and the state's non-publication rules

enable an affirmance of that decision without legal accountability.[3]  He argues the "continued enforcement and operation of these rules" would deny him various constitutional protections.  *Id.* at 7.

In a separate action, Mr. Smith made similar allegations regarding this circuit's use of non-precedential decisions, citing our unpublished resolution of his first federal suit.  *See* Rec. (Appeal No. 04-1468), vol. I, doc. 1 at 2-4, 6-9. He contends this practice violates the same rights he invoked in his challenge to the state practice, as well as the International Covenant on Civil and Political Rights.  In addition to seeking relief with respect to this court's rules, he requested a writ of mandamus ordering the state trial judge to address the merits of his challenge to the state bar admission process.  We address each of his claims in turn.

## II

### *Challenge to State Court Non-Publication Practice*

The district court invoked Article III and held that Mr. Smith lacked standing to challenge the state's non-publication practice.  The fundamental requirements of standing are an injury in fact caused by the conduct complained

---

[3]  Mr. Smith does not claim the state practice has prevented him from relying on any unpublished decisions supporting a favorable result in his case, which was the basis for a similar challenge to a federal non-publication rule in *Anastasoff v. United States*, 223 F.3d 898, *vacated as moot*, 235 F.3d 1054 (8th Cir. 2000).

-6-

of that will likely be redressed by a favorable decision in the case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The district court concluded that Mr. Smith could not relate the practice he challenges to any cognizable injury to himself. In its view, Mr. Smith "ha[d] alleged nothing more than an interest in the problem concerning the defendants' rules and practices [on publication]," and "[t]hat interest, unaccompanied by a showing that the application of the rule or practice has somehow personally and actually harmed the plaintiff, cannot alone constitute the injury-in-fact contemplated by the standing doctrine." Rec. (Appeal No. 04-1470), vol. I, doc. 8 at 7.

"Standing is determined as of the time the action is brought." *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005). Mr. Smith had just taken his state appeal when he filed this action. He was in no position to challenge the adequacy of state appellate review in cases culminating in unpublished opinions unless he could show that he would in fact receive such review from the state court of appeals (and from the state supreme court as well, if it took the case on certiorari). As we have explained,

> an injury in fact must be actual or imminent, not conjectural or hypothetical. Allegations of possible future injury do not satisfy the requirements of Art[icle] III. A threatened injury must be certainly impending to constitute injury in fact. An Article III injury must be more than a possibility. The threat of injury must be both real and immediate.

*Id.* at 1155 (quotation marks, ellipses and citations omitted). Mr. Smith cannot make this required showing because the manner of resolution of his future appeals is entirely speculative.

Mr. Smith advances two alternative arguments for standing that we briefly address. Invoking the First Amendment and citing *Broadrick v. Oklahoma*, 413 U.S. 601 (1973), he insists every citizen has standing to challenge judicial practices that render the law less certain, based on the chilling effect such uncertainty has on everyone's exercise of free speech rights. *Broadrick* recognized an exception to the traditional standing requirement of injury personal to the litigant when the litigant challenges a "statute[] *attempting to restrict or burden the exercise of First Amendment rights*," *id.* at 611 (emphasis added), permitting in those circumstances the assertion of a chilling effect on others' constitutionally protected speech to serve as a redressable injury. But the practice at issue here is not directed at the exercise of First Amendment rights.

Mr. Smith contends the uncertainty produced by the use of non-precedential decisions could indirectly affect the exercise of First Amendment rights, asserting one might curtail speech for fear that subsequent litigation will result in an unpublished decision denying constitutional protection in a manner wildly inconsistent with what would have otherwise been decided in a published opinion. That contention is so speculative and riddled with assumptions that it cannot serve as the basis for standing even if the consideration of third-person injury

were permissible here. *See Nova Health Sys.*, 416 F.3d at 1155 ("[A]n injury in fact must be actual or imminent, not conjectural or hypothetical."). Mr. Smith has not cited any authority applying *Broadrick's* First Amendment standing analysis in similar circumstances, and we decline to take that step.

Mr. Smith also asks us to rely on the principle typically invoked in cases involving mootness that a dispute "capable of repetition, but evading review" can be heard despite the lack of a presently justiciable case or controversy. *See, e.g.,* *Roe v. Wade*, 410 U.S. 113, 125 (1973). While the state courts' ongoing practice certainly satisfies the repetition requirement, there is no reason to think that the practice must evade review. If the state court of appeals decides a case by unpublished opinion, the losing party can object by way of rehearing and/or certiorari review to the state supreme court, whose own practice in this regard may be reviewed by way of rehearing and/or certiorari review by the United States Supreme Court.

In sum, the district court correctly concluded that Mr. Smith lacked standing to challenge his mere anticipation of being affected by the state appellate courts' practice of issuing unpublished decisions. Indeed, we note that Mr. Smith's state appeal was eventually heard by the Colorado Supreme Court and resolved by published decision. *Smith v. Mullarkey*, 121 P.3d 890 (Colo. 2005) (en banc), *cert. denied*, 126 S. Ct. 1792 (2006). We affirm the district

court's order dismissing Mr. Smith's challenge to Colorado's non-publication practice.

**III**

***Challenge to Federal Non-publication Practice***

When Mr. Smith filed suit against the federal defendants, he had no litigation pending in the Tenth Circuit. The focus of his challenge to this court's use of unpublished decisions was the unfavorable disposition, by unpublished order and judgment, of his prior appeal regarding the constitutionality of the state bar admission process. The proper means for objecting to the non-publication of that decision would have been by petition for rehearing in this court and/or petition for certiorari review by the Supreme Court.[4] Instead, he has sought our review of this prior action by generating an entirely new stream of litigation. Although it is possible that this present case could ultimately result in an unpublished decision, this mere possibility is too speculative to support jurisdiction under Article III. *Nova Health Sys.,* 416 F.3d at 1155; *Essence, Inc.*

---

[4] In fact, Mr. Smith filed a petition for rehearing in which he argued that this court had deviated from precedent in its decision and then stated, in passing, that "he ha[d] a right to insist that it do so in a published opinion with precedential value," *Smith v. Mullarkey*, No. 02-1481, Petition for Rehearing, at 1. He also noted the unpublished nature of this court's decision in the petition for mandamus and/or prohibition he filed in the Supreme Court. In neither instance, however, did he argue that the use of unpublished decisions was unconstitutional.

*v. City of Fed. Heights*, 285 F.3d 1272, 1282 (10th Cir. 2002); *Hutchinson v. Pfeil*, 211 F.3d 515, 520-21 (10th Cir. 2000). Thus, we conclude, neither a collateral challenge relating to Mr. Smith's prior unsuccessful appeal, nor an anticipatory challenge relating to a potential unpublished disposition in this litigation suffices to establish an actual injury that would permit review and redress. Accordingly, the district court properly dismissed Mr. Smith's claims for lack of standing.

We point out that the alleged injury caused by our circuit publication rules need not consistently evade review. Other circuits have addressed the validity of their non-publication rules in cases where the question of the rule's validity arose *in the context of litigation presently before the court*. For example, courts have considered the constitutionality of publication rules where an unpublished decision relevant to the merits of an appeal was pressed by a litigant who insisted it be deemed binding precedent contrary to the circuit rule, *see Symbol Techs., Inc. v. Lemelson Med.*, 277 F.3d 1361, 1366-67 (Fed. Cir. 2002), or was opposed by a litigant who insisted it be disregarded pursuant to the circuit rule, *see Anastasoff v. United States*, 223 F.3d 898, 899 (8th Cir. 2000), *vacated as moot on reh'g en banc*, 235 F.3d 1054 (8th Cir. 2000). Such rules have also been scrutinized where an attorney violated a circuit rule prohibiting citation to non-precedential decisions and sought to avoid proposed disciplinary action by challenging the validity of the rule. *See Hart v. Massanari*, 266 F.3d 1155,

1159-60 (9th Cir. 2001). As demonstrated in these cases, a circuit non-publication rule may be challenged in the circuit court when application of the rule in a live proceeding before that court directly implicates the interest of a party or counsel in that proceeding. Such is not the case here.

**IV**

***Mandamus Relief against State Trial Judge***

The state trial court held it lacked jurisdiction to consider constitutional claims stemming from the denial of Mr. Smith's admission to the bar because jurisdiction to hear such claims was lodged exclusively with the Colorado Supreme Court. Mr. Smith sought mandamus relief from the federal district court to compel the state trial judge's consideration of his constitutional claims. The district court summarily rejected his claim for lack of jurisdiction under *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992), which held that "[f]ederal courts have no authority to issue a writ of mandamus to a state judge." Although he acknowledges this limitation on the authority of federal courts, Mr. Smith argues the district court erred in not construing his mandamus request as a claim for injunctive relief under 42 U.S.C. § 1983. *See Olson*, 965 F.2d at 943 ("We may also construe a pro se petition for a writ of mandamus as an action for . . . declaratory relief under 42 U.S.C. § 1983."). We noted in *Olson*, however, that

"section 1983 injunctive relief is available" only if "appellant can show he was deprived of a federal right." *Id.*

In *Olson,* the plaintiff alleged the state court judge, out of spite, refused to sign a journal entry necessary to the exercise of his right to appeal. We held, if the allegation were true, the judge's arbitrary and capricious action would violate the plaintiff's due process rights and present a cognizable § 1983 claim. *Id.* Here, Mr. Smith has requested mandamus relief claiming that the state trial court erred by limiting its jurisdiction in accordance with state law precedent, *see People v. Buckles,* 453 P.2d 404 (Colo. 1968); *Colo. Sup. Ct. Grievance Comm. v. Dist. Ct.*, 850 P.2d 150, 154 (Colo. 1993), and failing to consider claims that his denial of admission to the bar violated his constitutional rights. Although he contends the state court has refused to entertain his federal claims in violation of the Supremacy Clause, we note that the state courts have not shut their doors to federal claims but have simply restricted challenges to individual bar admission decisions to Colorado Supreme Court jurisdiction. Mr. Smith directs us to no precedent establishing that Colorado violated his federal rights by vesting exclusive jurisdiction of the regulation of lawyers in its Supreme Court. Accordingly, we decline to recast his request for mandamus as a § 1983 claim and we adhere to our general prohibition on issuing a writ of mandamus to a state court judge.

Based on the foregoing analysis, we hold that the district court properly dismissed all of the claims asserted in the actions consolidated in this appeal.[5] Finally, we **DENY** the several motions that remain pending because none of them affects our analysis of either case or warrants relief in any collateral respect.

We **AFFIRM** the judgments of the district court.

---

[5] There are vague and conclusory references in Mr. Smith's briefing to an asserted tort liability of defendant Salazar, former Colorado Attorney General. Neither these references nor the underlying pleadings in the case remotely establish the existence of a cognizable claim.