**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 11, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KENNETH L. SMITH,

      Plaintiff-Appellant,

v.

MICHAEL L. BENDER; NATHAN B.
COATS; GREGORY J. HOBBS, JR.;
REBECCA LOVE KOURLIS; ALEX
J. MARTINEZ; NANCY E. RICE;
MARY J. MULLARKEY; JOHN W.
SUTHERS; FRIEDRICK C. HAINES;
JOHN DOES 1-99; THE UNITED
STATES OF AMERICA,

      Defendants-Appellees.

No. 09-1003
(D.C. No. 1:07-CV-01924-MSK-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

      Kenneth L. Smith, proceeding pro se, appeals from the district court's

opinion and final order dismissing his claims against the above-named defendants

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and denying his motion to recuse the district judge. Exercising jurisdiction under 28 U.S.C. § 1291, and having reviewed the district court's rulings de novo, we affirm.

## I.

We begin by commending the district judge for her thorough and detailed work in this case, and hereby adopt the following background statement from her opinion and final order:

According to the original *pro se* Complaint . . . , the Plaintiff was a litigant in the case of *Smith v. Mullarkey*, Denver District Court Case No. 02-cv-127. In that case, the Plaintiff alleged claims under 42 U.S.C. § 1983, among others, relating to the denial of his admission to the bar of the State of Colorado. The Denver District Court dismissed the Plaintiff's case, ostensibly on the grounds that the Colorado Supreme Court has the exclusive jurisdiction over matters involving the licensing of persons to practice law. The Plaintiff filed a timely appeal of the dismissal to the Colorado Court of Appeals, but on August 16, 2005, the Court of Appeals found that it lacked jurisdiction over the case-presumably for the same reason stated by the District Court-and transferred the case to the Colorado Supreme Court pursuant to C.R.S. § 13-4-110(1)(a). Although each of the Justices of the Colorado Supreme Court were named as parties in the case (apparently due to their oversight of the attorney admissions process to which the Plaintiff objected), it found that "[b]y operation of the Rule of Necessity, [Colorado Code of Judicial Conduct,] Canon 3F," the court could nevertheless hear the matter. *Smith v. Mullarkey*, 121 P.3d 890, 891 n.1 (Colo. 2005). In that same order, the Court affirmed the decision of the District Court on its merits. *Id.* at 892.

The Complaint . . . in this action [was filed against the seven Justices of the Colorado Supreme Court, the Attorney General and an Assistant Attorney General of the State of Colorado, and the United States, and it] expressly states four causes of action [relating to *Smith v. Mullarkey*]: (i) a claim pursuant to 42 U.S.C. § 1983 that each of

the Defendants violated [the Plaintiff's] constitutional rights under [the] Due Process and Equal Protection clauses; (ii) a claim captioned as one for "denial of access to the courts," but which appears to assert a civil conspiracy among the Defendants, as a result of which the Plaintiff was injured because . . . he was unable to obtain the relief he sought in *Smith v. Mullarkey*; (iii) a claim for "supervisory liability," apparently asserted only against Defendant Suthers (who, as Attorney General of the State of Colorado, appeared on behalf of the defendants in *Smith v. Mullarkey* and allegedly oversaw the actions of Defendant Haines, the Assistant Attorney General who actually defended the case) because he failed to take effective remedial action to prevent Defendant Haines from engaging in a constitutional violation; and (iv) a claim against the United States, alleging that it has failed to provide the Plaintiff with a remedy for his grievances, thereby violating treaty obligations created by the International Covenant on Civil and Political Rights ("ICCPR"). The Plaintiff seeks money damages and unspecified injunctive relief.

> . . . .

On February 6, 2008, the Plaintiff filed a *pro se* Amended Complaint. . . . The Amended Complaint does not appear to modify any of the first three claims asserted by the Plaintiff, but elaborates substantially on the basis for the Plaintiff's fourth claim under the ICCPR. As best the Court can determine, the Plaintiff alleges that the conduct violating his rights under the ICCPR include[s]: an alleged criminal conspiracy, involving both the Defendants here and other non-party judges of the District of Colorado and the 10th Circuit Court of Appeals, to violate the Plaintiff's constitutional rights; the failure of non-party judges of the District of Colorado and 10th Circuit Court of Appeals to follow controlling Supreme Court precedent when adjudicating cases brought by the Plaintiff; and the "Systemic Discrimination Against *Pro* Se Litigants," . . . . The Amended Complaint also adds a new claim for relief, which purports to seek "declaratory and/or injunctive relief, as appropriate," but which cites only to the Declaratory Judgment Act, 28 U.S.C. § 2201, and requests "an appropriate declaration of his rights under the Bill of Rights and/or the [ICCPR]."

> . . . .

-3-

The Plaintiff filed a Motion to Recuse . . . .  In this motion, he argues that the undersigned is also adjudicating another case in which he is the plaintiff and the "United States District Court for the District of Colorado" is named as a defendant, *Smith v. Ebel*, D.C. Colo. Case No. 08-cv-00251-MSK-KMT.  According to the Motion to Recuse, the relief sought in *Smith v. Ebel* is an "injunction compelling [District of Colorado] judges who handle this case to adhere to a minimum standard of conduct," and that "For this Court to issue such injunctive relief, it would have to issue that injunction to itself . . . and would logically warrant this Court's recusal in this matter."

*Smith v. Bender*, 2008 WL 2751346 at *1, *3-4 (D. Colo. July 11, 2008)

(unpublished) (additional alterations added to original).

## II.

In response to motions filed by defendants, the district judge dismissed all of Mr. Smith's claims with prejudice in a lengthy and extremely well-reasoned opinion and final order.  First, the judge determined that the doctrine of sovereign immunity deprived the district court of subject matter jurisdiction over Mr. Smith's claims against the United States under the ICCPR.  *Id.* at *6-7.  Second, because the relief Mr. Smith was seeking in this case could only be granted by upsetting the Colorado Supreme Court's decision in *Smith v. Mullarkey*, the judge determined that the *Rooker-Feldman* doctrine deprived the district court of subject matter jurisdiction over Mr. Smith's claims against the named Justices of the Colorado Supreme Court.[1]  *Id.* at *8.  Third, the judge

_____

[1]     "The *Rooker-Feldman* doctrine prevents the lower federal courts from

(continued...)

-4-

determined that the doctrine of qualified immunity barred Mr. Smith's claims against defendants Suthers and Haines. *Id.* at *11-14. In the same order, after thoroughly analyzing the issue, *id.* at *4-6, the district judge also denied Mr. Smith's recusal motion, finding "no grounds to warrant recusal under [28 U.S.C.] § 455 in this case," *id.* at *5. Because Mr. Smith has utterly failed to convince us that any of the district judge's rulings are erroneous, we affirm the dismissal of Mr. Smith's claims and the denial of his recusal motion for the reasons set forth in the district judge's opinion and final order.[2]

In order to fully address the issues raised by Mr. Smith in this appeal, however, we also point out the following fallacies in his arguments. First, to the extent Mr. Smith is seeking to relitigate his federal-law challenges to the Colorado Supreme Court's denial of his admission to the bar of the State of Colorado, those challenges are barred by the doctrines of res judicata and collateral estoppel by virtue of: (1) this court's final decision in Mr. Smith's prior appeal to this court, *see Smith v. Mullarkey*, 67 F. App'x 535, 538 (10th Cir. 2003) (applying *Rooker-Feldman* doctrine and holding that district court correctly

---

[1](...continued)
exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Mann v. Boatright*, 477 F.3d 1140, 1145 (10th Cir. 2007) (quotations omitted).

[2]     We also note that Mr. Smith has failed to challenge the dismissal of his claims against defendants Suthers and Haines in his opening brief. Those claims are therefore deemed abandoned or waived. *See Coleman v. B-G Maint. Mgmt. of Colorado, Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997).

determined that it did not have subject matter jurisdiction over Mr. Smith's federal-law claims challenging the denial of his admission to the Colorado bar); and (2) the fact that the United States Supreme Court denied Mr. Smith's petition for a writ of mandamus and/or prohibition pertaining to that final decision, *see In re Smith*, 540 U.S. 1103 (2004).

Second, the *Rooker-Feldman* doctrine bars Mr. Smith from relitigating the refusal of the Justices of the Colorado Supreme Court to recuse from his appeal in *Smith v. Mullarkey*, 121 P.3d 890 (Colo. 2005). *See Fieger v. Ferry*, 471 F.3d 637, 644 (6th Cir. 2006) (holding that *Rooker-Feldman* doctrine barred subject matter jurisdiction over attorney's declaratory judgment claim to extent it sought declaration that Michigan Supreme Court Justices' refusal to recuse themselves in his past cases violated his due process rights).[3] Because the recusal issue was inextricably intertwined with the state-court judgment, Mr. Smith's only available avenue for relief was to seek certiorari review in the United States Supreme Court. *See* 28 U.S.C. § 1257. Indeed, we note that Mr. Smith sought such certiorari review of the recusal issue, *see* 2005 WL 3785452 at *5-11, but the Supreme Court denied his certiorari petition, *see Smith v. Mullarkey*, 547 U.S. 1071 (2006).

---

[3] Although the *Rooker-Feldman* doctrine would not bar a general constitutional challenge to Colorado's recusal statutes or rules as applied in future cases, *see Fieger*, 471 F.3d at 644-46, Mr. Smith has not asserted such a challenge in this case.

Third, the Supreme Court's recent decision in *Caperton v. A.T. Massey Coal Co.*, 129 S. Ct. 2252, 2256-57 (2009) (holding that state-court-appellate judge should have recused himself from appeal as matter of due process) is of no assistance to Mr. Smith on the recusal issue. Importantly, *Caperton* was before the Court on a petition for a writ of certiorari to review a decision of the West Virginia Supreme Court of Appeals in a civil case brought in state court. *Id.* at 2257-59. Thus, while *Caperton* demonstrates the proper way for a state-court loser to raise federal-law challenges to a state-court judge's refusal to recuse, it has no other applicability to this case.

Fourth, in the section of his opening brief entitled "Summary Of The Argument," Mr. Smith claims that, in *Smith v. Mullarkey*, the Justices of the Colorado Supreme Court "violated his well-established federal right to have [his] federal civil rights claims and/or facial challenges to a [state] statute grounded in federal law decided in a state court of general jurisdiction." Aplt. Opening Br. at 15 (citing *Claflin v. Houseman*, 93 U.S. 130 (1876)). Mr. Smith further argues that "[t]his constitutes an 'independent claim,' which has always been outside the ambit of the *Rooker-Feldman* doctrine." *Id.* (citing *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 479-80 (10th Cir. 2002)). This is the only reference to this claim in Mr. Smith's opening brief, however, as it is omitted from the preceding sections in the brief, and Mr. Smith likewise did not address it in the "Argument,"

"Conclusion," or "Statement Regarding Oral Argument" sections of the brief.[4]  *Id.* at 17-67.  Despite his pro se status, we easily conclude that Mr. Smith has failed to adequately brief this claim, and we therefore decline to address it.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived[.]").  Further, while we still may possess discretion to consider this claim, we refuse to exercise such discretion in favor of Mr. Smith given, as set forth below, the blatant disrespect for the judicial process that he has demonstrated in this appeal.  *Cf. Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840, 841 (10th Cir. 2005) (refusing "to delve for substance in a pro se pleading" where the plaintiff's appellate briefs were written in a "scurrilous tone" and did "little more than attempt to impugn (without basis) the integrity of the district judge").

Fifth, we note that Mr. Smith has raised new allegations in this appeal regarding the district judge's alleged personal relationships with two Justices of the Colorado Supreme Court.  Even if appropriately raised for the first time on appeal, an issue we do not need to decide, these new allegations do not support recusal of the district judge because they are based on pure speculation.

---

[4]     We also note that Mr. Smith failed to make any specific arguments pertaining to this claim in the reply brief that he submitted to this court.  Instead, his only reference to the claim is a conclusory, and unsupported, statement that the "courts" within the Tenth Circuit have "defied" the Supreme Court's decision in *Claflin* "re: availability of state courts to vindicate federal claims."  Aplt. Reply Br. at 24, 25.

Specifically, the only thing Mr. Smith appears to know for sure is that: (1) the district judge's husband was a college classmate of Justice Hobbs and the two worked at the same college radio station, *see* Aplt. Opening Br. at 51; and (2) the district judge and Chief Justice Mullarkey hosted a luncheon together for the National Association of Women Judges in May 2008, *id.* at 49-50. These meager allegations do not come close to establishing a basis for recusal under 28 U.S.C. § 455(a) or (b), and the spurious inferences that Mr. Smith draws from them are nothing but speculative guesswork. *See, e.g.*, Aplt. Opening Br. at 51-52 ("Notre Dame is widely reputed as having one of the most effective alumni networks in the country, and it beggars the imagination to suggest that the two "Golden Domers" who shared an eclectic hobby, lived in the same city, and traveled in the same social circles would not have maintained a close personal friendship."); *id.* at 51 ("[O]rganizing presentations like the one [the district judge] and Justice Mullarkey put on . . . falls to the member judges who are putting it on, and doing so commands substantial effort. . . . Simply put, it is not the kind of project you normally collaborate on with your worst enemy.").

Finally, we note that Mr. Smith's opening and reply briefs are littered with frivolous and irrelevant arguments and tirades. His briefs also contain scurrilous allegations and personal attacks regarding alleged wrongdoing by the named Justices of the Colorado Supreme Court and the district judge. *See, e.g., id.* at 45 ("[T]he Defendant Justices were free to take several courses of action that would

not have earned them a reservation in Leavenworth."); *id.* at 61 ("Next in order of severity is misprision of felony (18 U.S.C. § 4), the provision used in this Circuit to ensnare Timothy McVeigh confederate Terry Nichols.  All [the district judge] had to 'know' is that her friends [on the Colorado Supreme Court] committed a felony – which, given the facts she judicially noticed, is difficult to ignore – and her failure to take action entitles her to three years in Club Fed."); *id.* at 59-60 ("[The district judge] should have had the legal acumen to recognize that, by using her good offices to help her husband's old college chum get out of a pickle, she was making her own personal reservation for a extended visit to Leavenworth."); *id.* at 60 ("By any objective measure, [the district judge] has bought herself a rather large and juicy slab of criminal liability.").  We admonish and warn Mr. Smith that if he files future appeals in this court containing similar unsupported claims, allegations, or personal attacks, we will not hesitate to impose hefty sanctions and filing restrictions in order to curb his abusive and disrespectful litigation practices.

The district court's opinion and final order is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge