FILED
United States Court of Appeals
Tenth Circuit

February 15, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KENNETH L. SMITH,

      Plaintiff-Appellant,

v.

HONORABLE CHRISTINE M.
ARGUELLO; STEPHEN H.
ANDERSON; BOBBY R. BALDOCK;
JAMES E. BARRETT; ROBERT E.
BLACKBURN; MARY BECK
BRISCOE; WILLIAM J.
HOLLOWAY, JR.; MARCIA S.
KRIEGER; EDWARD W.
NOTTINGHAM; JOHN C.
PORFILIO; STEPHANIE K.
SEYMOUR; DEANELL REECE
TACHA; TERRY FOX; STEPHEN J.
SORENSON, JOHN/JANE DOES
1-50, in their personal capacities only;
LLOYD CLARK; ERIC H. HOLDER,
JR.; DAVID GAOUETTE;
JEANETTE SWENT; EDWARD
ZAHREN, JOHN/JANE DOES 51-99,
in their official capacities only, as
representatives of; UNITED STATES
DEPARTMENT OF JUSTICE,

      Defendants-Appellees.

No. 10-1280
(D.C. No. 1:09-CV-02589-PAB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

(continued...)

Before **MURPHY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

Since 2003, Kenneth L. Smith has been filing unsuccessful cases and appeals in federal court, all of which "can be traced to the Colorado Supreme Court's denial of his application for admission to the Colorado bar after he refused to submit to a mental status examination." *Smith v. Krieger,* 389 F. App'x 789, 791 (10th Cir. 2010), *petition for cert. filed* (U.S. Dec. 21, 2010) (No. 10-837).[1] The present appeal concerns the dismissal of claims brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,*

---

[*](...continued)
therefore ordered submitted without oral argument and Mr. Smith's "demand" for oral argument is denied. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]     *See Smith*, 389 F. App'x at 795-97, 799 (affirming dismissal of claims that challenged federal judges' decisions, sought removal of judges, and attempted prosecution of crimes allegedly committed by judges and also affirming district-court filing restrictions); *see also Smith v. Thomas*, 383 F. App'x 8, 8 (D.C. Cir. 2010) (denying request for mandamus relief compelling the United States Supreme Court to grant certiorari petitions); *Smith v. Bender*, 350 F. App'x 190, 195 (10th Cir. 2009) (affirming dismissal of action against Justices of the Colorado Supreme Court and other governmental officials and denial of motion to recuse district judge); *Smith v. U.S. Court of Appeals,* 484 F.3d 1281, 1286-87 (10th Cir. 2007) (holding that Mr. Smith lacked standing to challenge use of non-precedential unpublished decisions to dispose of appeals and denying mandamus relief); *Smith v. Mullarkey*, 67 F. App'x 535, 538 (10th Cir. 2003) (determining that federal court lacked jurisdiction to consider denial of Mr. Smith's bar application).

403 U.S. 388, 395-96 (1971), against current and former federal district and circuit judges, the United States Attorney General, employees of the United States Marshal Service; members of the United States Attorney's Offices for the Districts of Colorado and Utah; and numerous Jane and John Does. The case is another milestone along his well-trod "futile path." *Krieger*, 389 F. App'x at 800. We affirm the order of the district court dismissing the matter with prejudice.[2]

## I.

For his complaint in this case, Mr. Smith set forth two claims. First, he asserted that the prior decisions against him were so wrong-headed that they amounted to violations of his constitutional rights and criminal conduct on the part of the named judges. He theorized that "if [an] absurd decision is permitted to stand, there is no difference between [a judge] and Saddam Hussein, and that we as citizens have both a legal right and a moral duty to assassinate our federal judges." R. at 42. Mr. Smith's view is that federal judges have become "tyrants," *id.* at 64, and "[t]he legal and moral right to kill a tyrant is as old as Anglo-American society itself," *id.* at 60 (footnote omitted). "As judges have become a law unto themselves, they have abandoned any protections they might otherwise

---

[2]     After Mr. Smith filed this appeal, we resolved an earlier appeal and also imposed filing restrictions to deter his frivolous pro se appeals and increasingly "'abusive and disrespectful litigation practices.'" *Krieger*, 389 F. App'x at 800-801 (quoting *Bender*, 350 F. App'x at 195). Accordingly, any future pro se filings by Mr. Smith will be subject to those filing restrictions.

enjoy under law and the lowly citizen . . . is legally entitled to use lethal force against them, as the law can provide no shelter against the gales of their unbridled tyranny." *Id.* at 65.

Similar rhetoric in Mr. Smith's previous cases led to the facts underlying his second claim. His complaint stated that United States Marshals came to his home and informed him that "he was placed on a 'threat list,'" causing him to feel "threatened, oppressed, and intimidated." *Id.* at 43. Later, "when [he] attempted to enter the . . . Courthouse for the lawful purpose of filing documents, [he] was detained and then, escorted to the file room by a United States Marshal." *Id.* at 69. This treatment "humiliated and intimidated" him. *Id.* He alleged that the actions of the marshals and the district judges restricted his rights of free speech and access to the courts.

For several reasons, the district court dismissed both of Mr. Smith's *Bivens* claims against all defendants. Because the judges were sued for their legal decisions in previous suits, they were entitled to absolute judicial immunity. *See Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000) (summarizing the basis for the application of judicial immunity even in instances in which the judge's action "was in error, was done maliciously, or was in excess of his authority") (quotation omitted). And the named Assistant United States Attorneys, who represented defendants in Mr. Smith's previous suits, were not linked to a deprivation of his constitutional rights. *See Robbins v. Oklahoma*,

519 F.3d 1242, 1250 (10th Cir. 2008) (stating that a "complaint's use of . . . a list of defendants named . . . with no distinction as to what acts are attributable to whom, [makes it] impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed").

Moreover, the Department of Justice officials were named in their official capacities, and a *Bivens* action only "lies against [a] federal official in his individual capacity." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005). Further, the complaint failed to plead that each of these defendants violated the Constitution through their "own individual actions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

As a final matter, the district court succinctly disposed of any claim arising from the marshals' interactions with Mr. Smith. Most importantly, the court's order stated "[a]ny implied argument that the First Amendment prevents the U.S. Marshals Service from informing [Mr. Smith that he was on a threat list] or investigating a threatening statement made to a federal judge is meritless." R. at 222. What is more, the complaint allegations did not "suggest that being put on a threat list or being escorted to the clerk's office 'would chill a person of ordinary firmness' in the exercise of constitutionally protected speech." *Id.* at 223 (quoting *Smith v. Plati*, 258 F.3d 1167, 1177 (10th Cir. 2001)). In any event, none of the alleged conduct prevented Mr. Smith from filing his submissions or

"expressing himself in such pleadings, as the present lawsuit aptly demonstrates."
R. at 223.

Concluding that Mr. Smith's complaint failed to state a claim upon which relief could be granted, the district court dismissed the matter. The court entered the dismissal with prejudice and without leave to amend because "there [was] no reason to believe that plaintiff will be able to allege facts to support a viable legal claim." *Id.* at 224; *see Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

## II.

We call Mr. Smith's attention to the filing restrictions and $3,000 sanction imposed in *Krieger*, 389 F. App'x at 800-801, for "persist[ence] in making unsupported allegations of judicial corruption, baseless claims, and personal attacks on federal and state-court judges." *See also* Order, No. 09-1503 (10th Cir. Aug. 11, 2010) (concluding that Mr. Smith had failed to show cause why the monetary sanction should not be imposed). We are disquieted by his continued use of "vulgar language, threats of lethal violence against judges rendering decisions he considers tyrannical, and tirades on a number of irrelevant topics." *Krieger*, 389 F. App'x at 800. Under certain circumstances, a party may forfeit his right to appellant review by making such statements. *See Garrett v. Selby*

*Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (stating that the "scurrilous tone" of appellant's briefs and lack of substantive argument convinced the court "to refrain from exercising any discretion [it] may have to delve for substance in a pro se pleading").

Nevertheless, we review de novo the dismissal of Mr. Smith's case for failure to state a claim. *See Howard v. Waide*, 534 F.3d 1227, 1242-43 (10th Cir. 2008). On appeal, Mr. Smith asks this court to renounce firmly established law: the doctrines of judicial immunity, and issue and claim preclusion, as well as procedural rules permitting the disposition of a civil case without a jury trial. We reject Mr. Smith's request. For substantially the same reasons relied upon by the district court, we AFFIRM the dismissal of Mr. Smith's complaint for failure to state a claim. We also conclude that the district court properly entered the dismissal with prejudice.

Entered for the Court

Jerome A. Holmes
Circuit Judge